# Berskis v. Lehigh Valley Coal Co., Appellant.

*Workmen's compensation—Injury to leg—Total disability—Permanent injuries—Classification of disabilities—Term of weekly payments—Act of June 2, 1915, P. L. 736.*

1. Where a workman who has suffered a compound fracture of the leg below the knee, and has been paid under a compensation agreement fifty per centum of his wages for 150 weeks, at the end

of which time his leg has not been cured, and his total disability continues, but it does not appear that he has lost his foot, or, permanently, the use of it, his employer cannot maintain that claimant belongs in the class of compensible persons covered by section 306, paragraph (c), of the Act of June 2, 1915, P. L. 736, who have lost a foot or permanently lost the use of a foot, and whose compensation is limited by the act to 150 weeks.

2. It is only when the loss of a member is actual, or the loss of use permanent, that the payments stop at the fixed number of 150 weeks.

3. In such case, when the injury ceases, the employer may pursue the method provided by the act to curtail the payments, by proving that the total disability has ceased, or, that the total disability has been followed by partial disability and showing, according to the provisions of paragraph (b), of section 306, of the act, what the rate of compensation for partial disability should be, and obtaining credit for the number of weeks during which compensation was paid for total disability.

Argued February 13, 1922. Appeal, No. 2, Jan. T., 1922, by defendant, from judgment of C. P. Schuylkill Co., Jan. T., 1921, No. 291, affirming order of Workmen's Compensation Board sustaining award of referee, in case of William Berskis v. Lehigh Valley Coal Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Appeal from order of Workmen's Compensation Board. Before BERGER, J.

The opinion of the Supreme Court states the facts.

Order affirmed. Defendant appealed.

*Error assigned,* among others, was order, quoting it.

*Daniel W. Kaercher,* for appellant.

*Roger J. Dever,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, March 6, 1922:

The Workmen's Compensation Act of 1915 (P. L. 736) provides, section 306:

"The following schedule of compensation is hereby established *for injuries resulting in total disability:*

"(a) For the first five hundred weeks......fifty per centum of the wages of the injured employee......Nothing in this clause shall require the payment of compensation after disability shall cease.......

"(b) For disability partial in character (*except the particular cases mentioned in clause (c),* fifty per centum of the difference between the wages of the injured employee......and the earning power of the employee thereafter; but such compensation shall not be more than ten dollars per week. This compensation shall be paid during the period of such partial disability; not however, beyond three hundred weeks......

"(c)  For *all* disability *resulting from permanent injuries* of the following classes, the compensation shall be *exclusively* as follows:......For the loss of a foot fifty per centum of wages during one hundred and fifty weeks ......amputation between the knee and ankle shall be considered as the equivalent of the loss of a foot...... Permanent loss of *the use of* a......foot,......shall be considered as the equivalent of the loss of such...... foot."

Injuries are by the act classified in three categories (1) total disability, (2) partial disability, (3) disability resulting from permanent injuries, in the last of which compensation is payable exclusively as fixed for the specified permanent injury, at a definite number of weeks, irrespective of whether the disability be permanent or partial, and without taking into account whether it may have ceased altogether, within the period fixed for payments.

Plaintiff was injured while at his work, suffering a compound fracture of his leg below the knee. He entered into a compensation agreement with his employer. The sum agreed upon was paid him for one hundred and forty-eight weeks; he was then tendered payment for two additional weeks by defendant and requested to

sign a final receipt; on his refusal to do so, appellant petitioned to terminate the agreement. The compensation referee and board declined to make the order prayed for, and awarded compensation for an indefinite period, as plaintiff was still confined to the hospital, unable to work, suffering from the fractured leg, the wound of which had not healed. The referee found that plaintiff's injury resulted in total disability and refused to find that the total disability has ended.

The contention of defendant is, that plaintiff belongs in the class of compensible persons (class c) who have lost a foot or permanently lost the use of a foot, whose compensation is limited by the act to one hundred and fifty weeks, but the difficulty with this is, as the referee's findings disclose, plaintiff has not lost his foot, or, permanently, the use of it. His injury, therefore, is not one of the "permanent injuries" enumerated in section (c) of the act, in which "the compensation shall be exclusively" as therein provided. The act provides that for such injuries, irrespective of resulting disability and covering "all disability," payments shall be for a fixed period, no more no less, but for other injuries compensation shall continue, where the disability is total, for five hundred weeks, where partial, until disability ceases, up to three hundred weeks. Stating defendant's position as its counsel himself states it, that the sums paid and tendered amount to a payment "on the same basis as if the claimant had had his foot amputated below the knee, and on the basis of a permanent disability," and that therefore defendant should be relieved from further payments, the answer must be, that the act does not so provide. It is only when the loss of the member is actual, or the loss of use permanent, that the payments stop at the fixed number of weeks. The words "for injuries resulting in total disability" in section 306, and the words "for all disability resulting from permanent injuries" in subsection (c), do not refer to the same conditions—a "permanent injury" may not be a "total disability." It

is only to cases of the specific injuries falling under section (c), that the arbitrary standard of payments apply. While the appellee's injury is not permanent, the disability is total at the present time; when it ceases to be, defendant can pursue the method provided by the act to curtail the payments, by proving, either that the total disability has ceased, or, that the total disability has been followed by partial disability, and showing, according to the provisions of paragraph (b), what the rate of compensation for partial disability should be, and obtaining credit for the number of weeks during which compensation was paid for total disability.

The judgment is affirmed.