## Moran *v.* Glen Alden Coal Company, Appellant.

Argued, March 6, 1944. Before KELLER, P. J., BALD-RIGE, RHODES, HIRT, KENWORTHEY, RENO and JAMES, JJ.

*Franklin B. Gelder,* with him *J. H. Oliver,* for appellant.

*Roger J. Dever,* for appellee.

OPINION BY RENO, J., April 11, 1944:

The claimant sought compensation for an injury on July 10, 1941, which he alleged totally disabled him from July 10, 1941 to July 28, 1941, and caused a disfigurement. At the hearing before the referee it de-

veloped that, in addition to that accident, claimant had sustained injuries in two accidents prior thereto, on May 12 and May 15, 1941, and one accident thereafter, on October 1, 1941. Separate compensation agreements were executed after each of these three accidents. For the May 12th accident, claimant and his employer agreed to compensation for disfigurement at $15.42 per week for nine weeks, from May 29, 1941 to July 31, 1941; for the May 15th accident to compensation for disfigurement at $15.42 per week from May 22, 1941 to May 29, 1941; and for the October 1st accident to compensation for the loss of the industrial use of the right index finger at $17.38 per week for thirty-five weeks, from October 9, 1941 to June 11, 1942. Payments under all these agreements have been made.

The referee found that claimant, as the result of the accident of July 10, 1941, was totally disabled from that date to and including July 27, 1941, and also sustained a facial disfigurement. He awarded compensation for the disfigurement at $16.86 per week for fifteen weeks from July 17, 1941 to October 30, 1941. The defendant appealed to the board, contending that because the fifteen-week period partially overlapped and coincided with the periods during which compensation had been paid for the May 12th and the October 1st accidents, the award, when added to the compensation already paid, would give the claimant more than the statutory maximum of $18 per week. It argued that to reduce the payments to $18 per week for the overlapping periods, the award should be so modified that claimant would receive $2.58 per week from July 17, 1941 to July 31, 1941, and sixty-two cents per week from October 9, 1941 to October 30, 1941. The board vacated the referee's award, under which payments were to begin seven days after the disability arose, and substituted an award for the same period and at the same rate, but beginning June 11, 1942, the date

of the last payment provided for by the compensation agreements. After the action of the board was affirmed by the court below, this appeal was taken.

All of the accidents are compensable under §306(c) of the Workmen's Compensation Act as amended by the Act of June 21, 1939, P. L. 520, §1, 77 PS §513. The question thus presented is whether the periods established by §306(c) run concurrently or consecutively; or to state it in other terms, whether commencement of payment of compensation for a §306(c) injury may be postponed until the cessation of payments under other valid awards or agreements for separately sustained injuries in the same category.

The proper solution of the problem requires a clear recognition of the distinction between the rationale of clauses (a) and (b) of §306 and that of clause (c). "Payment was provided [by the Workmen's Compensation Act of 1915] for (a) general [total] disability, (b) partial disability,—in both of which cases the compensation was based on the extent of incapacity resulting from the injury,—and, (c) where the loss was of some physical member, such as a hand, arm, foot, leg or eye, to be recompensed by payments for definite periods, irrespective of the effect of the accident upon the ability to continue work": *Simon v. Maryland Battery Service Co.*, 276 Pa. 473, 475, 120 A. 469. "Compensation under Workmen's Compensation acts is ordinarily measured by the employee's disability or difference in earning power as expressed in wages, and the length of time he is incapacitated because of the injury. But the legislature recognized that there were certain injuries which it would be unfair, if not impossible, to measure according to that standard; and so it provided in section 306(c), that for the loss of certain members of the body compensation should be paid for a specific number of weeks irrespective of the actual loss of wages resulting therefrom or the period of incapacity to

labor. It valued the lost member at full disability for a specific number of weeks without regard to whether the claimant was incapacitated for that length of time or suffered any actual loss of earnings": *Sustar v. Penn Smokeless Coal Co.,* 85 Pa. Superior Ct. 531, 534, affirmed, per curiam, 285 Pa. 395, 132 A. 345.

Appellant's contention is that the case is ruled by §306(d) of the act, which appeared for the first time in the Act of 1939, supra. The section provides: "The period of five hundred weeks mentioned in clause (a), three hundred weeks mentioned in clause (b), and the specific periods (or aggregate specific periods as the case may be) mentioned in clause (c), shall begin to run seven days after disability begins, and shall run concurrently." This provision is, however, merely declaratory of the law as it existed prior to 1939 where an employee, in the same or successive accidents, suffered injuries compensable under clause (c) in combination with either clause (a) or (b), and where he received the maximum weekly compensation under one or another of the clauses during part or all of the period of his disability. In that event, the rule was that the periods under all the clauses ran concurrently, and there could be no additional compensation to allow for the overlapping time: *Baffi v. Lehigh Valley Coal Co.,* 87 Pa. Superior Ct. 579; *Ludington v. Russell Coal Mining Co.,* 90 Pa. Superior Ct. 318; *Olinsky v. Lehigh Valley Coal Co.,* 93 Pa. Superior Ct. 221; *Rocco v. Pennsylvania Coal Co.,* 93 Pa. Superior Ct. 224; *Helitski v. Glen Alden Coal Co.,* 93 Pa. Superior Ct. 225; *Ingram v. W. J. Rainey, Inc.,* 127 Pa. Superior Ct. 481, 193 A. 335; *Madajewski v. Susquehanna Collieries Co.,* 135 Pa. Superior Ct. 181, 4 A. 2d 809. "If, as stated, the compensation fixed under section 306(a) or section 306(b) begins to run under the same provisions, that is, at the same time as does section 306(c), there is no other conclusion but that the periods mentioned run

concurrently. It is clear that the legislature intended that under 'a', 'b' and 'c' compensations could not·be pyramided, and, where as here, the maximum weekly compensation was paid, it covers all disability during the period paid, and where compensation is allowable under a paragraph other than that paid for, the beginning date must be the date of the injury and the number of weeks claimed must extend from that time beyond the period already paid for": *Barlock v. Orient Coal & Coke Co.*, 319 Pa. 119, 124, 178 A. 840, affirming 114 Pa. Superior Ct. 228, 173 A. 666. *Melfi v. Dick Construction Co.*, 148 Pa. Superior Ct. 406, 25 A. 2d 743, relied upon by appellant, follows the principle of the cases that preceded it.

So far as we are advised, no appellate decision in this Commonwealth has dealt with a situation in which an employee has been injured in several accidents, sustaining on each occasion one of the permanent losses defined in clause (c) and no other injury. Clause (c) itself directs compensation: "For the loss of, or permanent loss of the use of, any two or more such [enumerated] members, not constituting total disability, sixty-six and two-thirds per centum ·of wages during the aggregate of the periods specified for each." Therefore, when a workman receives, in one accident, more than one injury compensable under §306(c), his weekly payments continue during the cumulative total of the periods established for all of the distinct injuries suffered, so long as the compensation provided for total disability is not exceeded: *Bauman v. Spokas*, 146 Pa. Superior Ct. 530, 23 A. 2d 211. Cumulation is permitted where disfigurement is involved, notwithstanding that the disfigurement provision follows the aggregation clause in the arrangement of the statute: *Sustar v. Penn Smokeless Coal Co.*, supra. The plain object of the legislature in enacting clause (c) was to provide that employees should receive the compensation there

stated upon suffering one or more of the named permanent injuries, regardless of whether they are disabled completely, partially, or not at all. We, therefore, are of the opinion that it is immaterial, for the purpose of cumulating compensation periods, that the injuries are received in successive accidents, rather than in a single industrial mishap. Clause (d) in the Act of 1939, not introducing any innovation to the law as theretofore conceived, does not operate to foreclose the tacking on of statutory periods where a claimant has been permanently injured in the manner described at different times in the course of his employment.

A workman whose thumb and first finger are amputated at one stroke by a piece of machinery, and who suffers no other injuries, is, beyond question, entitled to an award of ninety-five weeks' compensation under §306(c). If the amputation of the thumb occurred on Monday and the first finger was lost the following Friday, under the rule contended for by appellant, compensation payments would terminate seven days and sixty weeks after the Monday accident, with no allowance at all being made for the loss of the finger. The mere statement of the position demonstrates its manifest incongruity when it is recalled that payments under clause (c) are to compensate for injuries, not for incapacities as do awards under (a) and (b). This appeal must fail because the argument in support of it does not take cognizance of that controlling distinction.

Judgment affirmed.