Yaklich *v.* Union Collieries Company, Appellant.

Argued April 12, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Edw. J. I. Gannon,* with him *Hazlett, Gannon, Walter & McVicar,* for appellant.

*Fred J. Jordan,* with him *Murray J. Jordan,* for appellee.

OPINION BY ROSS, J., July 19, 1945:

This is a Workmen's Compensation case in which the claimant, while in the course of his employment with the Union Collieries Company, on January 17, 1943, received injuries in an accident caused by an explosion. His duties as a foreman consisted of taking charge of a crew or crews of miners engaged in laying track, drilling and shooting down coal. On February 15, 1943, the parties entered into an open agreement under the provisions of the Workmen's Compensation Act, in which the accident and resulting injury were described as follows: "Shot blew out throwing coal dust into suspension. The dust was ignited by the flame of the burning powder. Burns of face, back, hands and knees", and compensation for total disability was thereafter paid to the claimant. On July 17, 1943, the claimant filed a petition for modification, alleging that the company had offered him 175 weeks for the loss of his right hand and 70 weeks for disfigurement on both sides of his face, forehead and ears, or a total of 245 weeks. The claimant also alleged that he had lost per-

manently the use of his thumb on his left hand and could not close his left hand. He stated that he did not believe that the 70 weeks for disfigurement was sufficient, stating that his face was "burned all over" and parts of his left ear were burned off. After an answer was filed by the defendant, a hearing was held before the referee on October 4, 1943, and after hearing the referee inter alia made the following finding of fact: ". . . the claimant, as a result of the accidental injury of January 17, 1943, suffers the loss of right hand; loss of one-half of thumb of left hand; and has a serious and permanent disfigurement of the face of such a character as to produce a ghastly appearance and such as is not usually incident to the claimant's employment", and awarded to the claimant compensation for 175 weeks for the loss of the right hand, 30 weeks for one-half loss of thumb of the left hand, and 150 weeks for disfigurement, a total of 355 weeks, beginning from January 25, 1943. The referee's finding of fact and the award were affirmed by the board and by the court below and thereupon this appeal was taken.

The appellant contends that: (1) the claimant is not entitled to any compensation for the loss of the use of his right hand since the claimant is employed at the same work and at the same wages as before the accident; (2) the claimant is not entitled to the compensation for the loss of one-half of his left thumb; (3) the award for the disfigurement should not stand since it is not serious and in no way interferes with the claimant's employment; (4) payments for disfigurement run concurrently with compensation for the other injuries.

It is incumbent upon us to view the evidence in the light most favorable to the claimant as the fact-finding bodies have determined the factual issues in his favor. *Zbirowski v. John T. Lewis & Brothers Company*, 130 Pa. Superior Ct. 222, 196 A. 606. The findings of a referee which are approved by the Workmen's Compensation Board and supported by competent evidence

are as conclusive upon the Courts as the verdict of a jury. *Russell v. Scott Paper Company*, 140 Pa. Superior Ct. 84, 13 A. 2d 81. Unless it can be said that there was no competent evidence to support the findings of the referee and the board they cannot be disturbed, and because the factual issues have been determined in claimant's favor the record must be read in the light most favorable to him. *Johnson v. Valvoline Oil Company*, 131 Pa. Superior Ct. 266, 200 A. 224.

Dr. D. I. Jamison, claimant's doctor, testified that claimant had suffered the permanent loss of use of his right hand and the use of his left thumb, and after describing in detail the claimant's appearance, stated that his disfigurement was serious, unsightly and permanent. Dr. J. M. Snyder, defendant's witness, gave as his opinion: ". . . that he (the claimant) has lost this right hand for industrial purposes", and that "he has lost one-half the use of the thumb permanently".

All of the injuries suffered by the claimant are specific losses compensable under Section 306 (c) of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended, 77 PS Section 513 and compensation is payable irrespective of the claimant's actual disability or incapacity to labor. By this section, a fixed amount is to be paid without considering, but including, all incapacity to labor that may be connected therewith, whether such incapacity be total, partial, or no incapacity at all. *Morrow v. J. S. Murray & Sons et al.*, 136 Pa. Superior Ct. 277, 7 A. 2d 109. Therefore, the fact that claimant was employed at the same work and at the same wages as before the accident would not bar him from compensation.

The appellant contends that the award for disfigurement is excessive. The amount of the allowance to be made for disfigurement is to be determined by the seriousness of the unsightly appearance resulting from the accident. The extent of the injury is a finding of fact as much so as a finding of dependency and like any other

fact it must be supported by evidence in the record. *Muchnick v. Susquehanna Waist Company et al.,* 124 Pa. Superior Ct. 194, 188 A. 413. So far as this Court is concerned, if there is substantial competent evidence, which we think is present in this case, to sustain the findings of the referee and the board, we must accept them, as the duty of determining the questions of disfigurement and the compensation to be awarded therefor within the limit of the statute is imposed upon the compensation authorities, not upon us. *Walsh v. Glen Alden Coal Company,* 99 Pa. Superior Ct. 58; *Madajewski v. Susquehanna Collieries Company,* 135 Pa. Superior Ct. 181, 4 A.2d 809.

The Act provides — Section 306(c) — for 60 weeks compensation for loss of a thumb. It also provides that the permanent loss of the use of the thumb should be considered as equal to the loss of the thumb and that the loss of the first phalange of the thumb or any finger shall be considered equivalent to the loss of one-half of such thumb or finger, and shall be compensated for one-half of the period provided for the loss of a thumb or finger. The appellant contends that "loss of use" of one-half of the thumb is not compensable under this section, but with that contention we disagree. Section 306(c) should be so construed that every reasonable intendment of its express language should be upheld in behalf of the employee. *Ciotti v. Jarecki Manufacturing Company,* 128 Pa. Superior Ct. 233, 193 A. 323. The Workmen's Compensation Act is remedial and is to receive a liberal construction. *Ottavi v. Timothy Burke Stripping Company,* 140 Pa. Superior Ct. 389, 14 A.2d 188. According to the testimony of Dr. Jamison, the claimant has permanently lost the use of the distal joint or first phalange of his left thumb. Therefore, for all practical purposes, he has lost the first phalange of his thumb to the same effect and extent as if it had been amputated or otherwise physically removed, and consequently, he has suffered a "loss"

within the terms of the Act and compensation therefor was properly awarded.

In contending that payments for disfigurement run concurrently with compensation for the other injuries, appellant relies upon clause (d), Section 306 of the Act which appeared for the first time in the Act of June 21, 1939, P. L. 520, 77 PS Section 513, and which provides: "The period of five hundred weeks mentioned in clause (a), three hundred weeks mentioned in clause (b), and the specific periods (or aggregate specific periods as the case may be) mentioned in clause (c), shall begin to run seven days after disability begins, and shall run concurrently". As stated by RENO, J., in *Moran v. Glen Alden Coal Company,* 154 Pa. Superior Ct. 608, 611, 36 A.2d 845: "This provision is, however, merely declaratory of the law as it existed prior to 1939 where an employee, in the same or successive accidents, suffered injuries compensable under clause (c) in combination with either clause (a) or (b), and where he received the maximum weekly compensation under one or another of the clauses during part or all of the period of his disability. In that event, the rule was that the periods under all the clauses ran concurrently, and there could be no additional compensation to allow for the overlapping time."

When a workman receives, in one accident, more than one injury compensable under Section 306 (c), his weekly payments continue during the cumulative total of the periods established for all of the distinct injuries suffered, so long as the compensation provided for total disability is not exceeded. *Bauman v. Spokas,* 146 Pa. Superior Ct. 530, 23 A.2d 211. Cumulation is permitted where disfigurement is involved, notwithstanding that the disfigurement provision follows the aggregation clause in the arrangement of the statute. *Sustar v. Penn Smokeless Coal Company,* 85 Pa. Superior Ct. 531, 534.

Clause (d) in the Act of 1939, not introducing any innovation to the law as theretofore conceived, does not operate to foreclose the tacking on of statutory periods

(*Moran v. Glen Alden Coal Company,* supra) and the claimant is, therefore, entitled to receive compensation for the aggregate periods for the several injuries. *Melfi v. Dick Construction Company,* 148 Pa. Superior Ct. 406, 25 A.2d 743. The evidence upon which the board's findings were predicated was competent and substantial and the law was properly applied by the board and by the court below.

Judgment affirmed.