Shick, Appellant *v.* West Mohawk Mining Company et al.

Argued April 11, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*George Jerko* and *J. W. Stephenson* submitted a brief for appellant.

*C. A. Whitehouse,* Associate Counsel, with him *Ralph H. Behney,* Counsel, and *Herbert B. Cohen,* Attorney General, for appellee.

OPINION BY WOODSIDE, J., July 21, 1955:

This is a workmen's compensation case in which we must determine the number of weeks the claimant is entitled to compensation.

The claimant lost his left hand in an industrial accident on June 17, 1917, and received compensation for 175 weeks under section 306(c) of the Workmen's Compensation Act of June 2, 1915, P. L. 736. On June 1, 1950 the claimant suffered another compensable accident in which he lost the use of his right hand. For this injury he again received compensation for 175 weeks under the aforesaid section, as amended, 77 PS §513.

On October 15, 1953 the claimant was found to be totally and permanently disabled as the result of the two injuries, and was allowed compensation by the referee for an additional period of 150 weeks under the provisions of section 306(a) of the aforesaid act, as amended, 77 PS §511.

The referee concluded that in calculating the total of 500 weeks compensation allowed under the section, there had to be deducted therefrom the total of 350 weeks compensation paid the claimant by virtue of the two accidents which jointly caused his total disability. Upon appeal the Workmen's Compensation Board reversed the referee, holding that the 175 week payment made for the first injury should not be deducted from the 500 week maximum, and that the claimant was entitled to 325 additional weeks compensation for per-

manent total disability instead of the 150 weeks as the referee had held. The Court of Common Pleas of Armstrong County, to which an appeal was taken, reversed the board.

The problem which arises in this case is the proper interpretation of the Second Injuries Reserve Section (306.1 of the Workmen's Compensation Act, added by Act of May 29, 1945, P. L. 1186 and amended by the Act of June 21, 1947, P. L. 873.) This section as it relates to this case provides as follows: "If an employe, who has incurred (through accident or otherwise) permanent partial disability, through the loss, or loss of use of, one hand, one arm, one foot, one leg or one eye, incurs total disability through a subsequent injury, causing loss, or loss of use of, another hand, arm, foot, leg or eye, he shall be entitled to additional compensation as follows: After the cessation of payments by the employer for the period of weeks prescribed in Clause (c) hereof, for the subsequent injury, additional compensation shall be paid during the continuance of total disability, at the weekly compensation rate applicable for total disability, for the remainder of the five hundred week period provided in Clause (a) hereof. This additional compensation shall be paid by the Commonwealth only upon an award by a compensation referee or the board." Clauses "(c)" and "(a)" referred to above, as they relate to this case provide: "(c) For all disability resulting from permanent injuries of the following classes, the compensation shall be exclusively as follows: For the loss of a hand sixty-six and two-thirds per centum of wages during one hundred seventy-five weeks. Unless the board shall otherwise determine the loss of both hands . . . shall constitute total disability to be compensated according to the provisions of clause (a) . . . Permanent loss of the use of a hand . . . shall be considered

as the equivalent of the loss of such hand, . . ." 77 PS §513. "(a) The following schedule of compensation is hereby established for injuries resulting in total disability. For the first five hundred weeks after the seventh day of total disability sixty-six and two-thirds per centum of the wages of the injured employe . . . Should partial disability be followed by total disability, the period of 500 weeks mentioned in this clause of this section shall be reduced by the number of weeks during which compensation was paid for such partial disability." 77 PS §511.

Although there have been a number of cases involving clauses (a) and (c) and their relationship to each other, this is the first appellate case in which we have been called upon to relate section 306.1 to them.

It is well to seek out the object to be attained by adding section 306.1 to the Act and the mischief to be remedied thereby. See Statutory Construction Act of May 28, 1937, P.L. 1019, Section 51, 46 PS §551.

Prior to the passage of section 306.1 in 1945, if an employe would have lost a hand in one accident and subsequently would have lost the other hand in a later accident, he would have been paid 175 weeks for the loss of each hand, or a total of only 350 weeks, whereas, if he had lost both hands in the same accident, he would have received compensation for 500 weeks, in accordance with sections 306(a) and 306(c).

It was, of course, manifestly unfair for one man who lost both his hands in different accidents to receive compensation for a total of 350 weeks, while another man who lost both his hands in one accident would be compensated for 500 weeks.

The difficulty was that to compel the employer at the time of the second accident to pay for the loss which was due equally to a former accident, would not only be unfair to such employer, but would seriously

handicap the handicapped in getting a job. In order to overcome this situation, section 306.1 was passed to put two men so injured on an equal basis by providing that *the Commonwealth* should pay the difference. Thus both men would receive compensation for 500 weeks for the loss of their hands, and no employer would be discouraged by the compensation law from employing a person who had already lost one hand.

We are of the opinion that it was not the intent of the legislature to give an additional benefit to a person who lost his hands in two different accidents over and above the benefit to one who lost both hands in the same accident. There is no reason why the claimant should receive compensation for a total of 675 weeks while one losing both hands in one accident would receive compensation for only 500 weeks.

Although all the cases cited by the learned lower court judge in his opinion arose prior to the passage of section 306.1 and are therefore not determinative of this case, they do interpret clauses (a) and (c) which are referred to in section 306.1 and thus throw some light on the question before us.

In *Hudyck v. Wyoming Shovel Works et al.*, 299 Pa. 182, 187, 149 A. 312 (1930) where the claimant lost the sight of one eye for which he was paid compensation for 175 weeks, and later lost the second eye through sympathetic infection developed from the loss of the first, the court held that "the two items, 125 weeks for permanent injury and 500 weeks for total disability cannot be added together and thus double the payment for the permanent injury."

In *Moran v. Glen Alden Coal Co.*, 154 Pa. Superior Ct. 608, 612, 36 A. 2d 845 (1944) a claimant sustained permanent injuries as a result of different accidents on different dates. These injuries were compensable under clause (c). In considering the cumulative

effect of permanent losses defined in clause (c) the court said: "Therefore, when a workman receives, in one accident, more than one injury compensable under §306(c), his weekly payments continue during the cumulative total of the periods established for all of the distinct injuries suffered, so long as the compensation provided for total disability is not exceeded: Bauman v. Spokas, 146 Pa. Superior Ct. 530, 23 A. 2d, 211. . . . We, therefore, are of the opinion that it is immaterial, for the purpose of cumulating compensation periods, that the injuries are received in successive accidents, rather than in a single industrial mishap."

In *Yaklich v. Union Collieries Co.,* 158 Pa. Superior Ct. 55, 60, 43 A. 2d 591 (1945) the court said: "When a workman receives, in one accident, more than one injury compensable under section 306(c), his weekly payments continue during the cumulative total of the periods established for all of the distinct injuries suffered, *so long as the compensation provided for total disability is not exceeded.*" (emphasis added)

In the light of these decisions interpreting clauses (a) and (c) and the apparent reason for adding section 306.1 to the Act we are of the opinion that the referee and the court below correctly limited the claimant to 150 weeks compensation.

Judgment affirmed.