## Sims v. American Can Company

*Roland J. Artiques,* for claimant.

*Robert A. Detweiler,* for employer.

WALSH, J., February 23, 1972.—This is an appeal by the claimant from an order of the Workmen's Compensation Board setting aside an award of the referee. The sole question before this court is whether the intent of The Pennsylvania Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended, is to compensate an injured workman for the loss of use of the distal phalange of a finger on the same basis as the loss by amputation or otherwise of a substantial part of that phalange.

The board in its opinion states:

"The referee made an award in which he stated:

. . .

"2. In addition, the referee examined the claimant's left little finger, the distal phalange of which is stiff and is fixed in a bent position through the joint with which it articulates with the proximal phalange of said left little finger."

The referee awarded compensation for the loss of use

of one half of the left little finger. The board set aside the award and substituted the following conclusions of law:

"Two: The loss of use of one-half of a finger is restricted to the loss of any substantial part of the first phalange: Section 306(c)(15). This cannot be enlarged under the provisions allowing loss of use, Sections 306(c)(24).

"Three: The claimant is not entitled to compensation for loss of use of one-half of the left little finger by proof of loss of flexion therein."

Section 306(c)(15) provides:

"The loss of any substantial part of the first phalange of a finger, or an amputation immediately below the first phalange for the purpose of providing an optimum surgical result, shall be considered loss of one-half of the finger. Any greater loss shall be considered the loss of the entire finger."

Section 306(c)(24) provides:

". . . Permanent loss of the use of a . . . finger . . . shall be considered as the equivalent of the loss of such . . . finger . . ."

Counsel for the claimant contends that the intent of the act is to provide compensation for loss of use of half a finger in the same manner as provided for an amputation of part of a finger. In support of this contention he relies on the reasoning contained in Yaklich v. Union Collieries Company, 158 Pa. Superior Ct. 55 (1945). There, the claimant suffered severe burns to various parts of his body, including his left thumb. The referee awarded compensation for one-half loss of the thumb, which award was affirmed by the board and by the County Court of Allegheny County. The Superior Court affirmed the judgment and said, at page 59:

"According to the testimony of Dr. Jamison, the claimant has permanently lost the use of the distal joint or first phalange of his left thumb. Therefore, for all practical purposes, he has lost the first phalange of his thumb to the same effect and extent as if it had been amputated or otherwise physically removed, and consequently, he has suffered a loss within the terms of the Act and compensation therefor was properly awarded."

We are of the opinion that the foregoing decision is controlling in the instant case, and the two decisions of the Superior court cited in the board's opinion* do not involve the question at issue. They involve the different question of how much bone loss was necessary to constitute the loss of the first phalange of the thumb or finger under section 306(c) as it was then written.

No question of fact is involved. The referee made his finding without medical testimony at the express suggestion of counsel for the employer, and the board as ultimate fact finder stated in its opinion, "the parties appeared to agree that the claimant had no flexion in the distal joint. . ." We feel that no useful purpose would be served by remanding the case for additional factual evidence. The record indicates that the referee found as a fact that the claimant has permanently lost the use of the distal phalange for all practical purposes, and it further appears that the board left this finding undisturbed.

## ORDER

And now, to wit, February 23, 1972, the appeal of the claimant is sustained and the award of the referee is reinstated.

---

* Nolan v. Hake, 178 Pa. Superior Ct. 593, at page 596; Vince v. Allegheny Pittsburgh Coal Co., 153 Pa. Superior Ct. 333, 33 A. 2d 788.