Kraft Foods Division and Ideal Mutual Insurance Co., Insurance Carrier, Appellants, *v.* Workmen's Compensation Appeal Board and Helen Granthum, Appellees.

Argued December 5, 1974, before Judges KRAMER, WILKINSON, JR. and ROGERS, sitting as a panel of three.

*John F. Naulty,* for appellants.

*Charles F. Quinn,* with him *Jeffrey M. Freedman,* for appellees.

OPINION BY JUDGE WILKINSON, January 2, 1975:

This is an appeal from the order of the Workmen's Compensation Appeal Board affirming the action of the referee which dismissed appellants' petition for termination or modification of an agreement and ordered appellants to continue compensation payments to appellee-claimant in accordance with the agreement of February 3, 1971, which provided for payments based on total disability. The issue is whether appellee-claimant is entitled

to compensation based on total disability under Section 306(a) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, *as amended,* 77 P. S. §511 (Supp. 1974-1975), or under Section 306(c) of the same Act, 77 P. S. §513, providing for payments for the loss of a member, in this instance traumatic amputation of her left forearm.

Briefly stated, appellee-claimant's left forearm was literally torn off when it became entangled with a packaging machine and drew appellee-claimant against the machine with sufficient violence to break two ribs and to strike the shoulder. The blow against the shoulder was obviously of sufficient force to stop the body while the left forearm was torn off. It is important to note that the testimony clearly shows that this was not the usual case of the left forearm being severed in an accident. The accident occurred on January 15, 1971, and appellee-claimant was immediately hospitalized. Surgical procedures were followed on what remained of appellee-claimant's forearm.

The compensation agreement was signed on February 3, 1971, and appellee-claimant was discharged from the hospital on February 4, 1971. Since that time, she has been treated by several physicians, including surgeons and psychiatrists. Two hospitals were used in the rehabilitation program. It was not until x-rays of the chest were taken in October of 1972 that it was determined that two ribs had been fractured. The referee found that claimant-appellee's disability was not confined to the loss of the member, but included resulting pain in the remaining portion of her upper left extremity and shoulder. There is ample competent testimony in the record to support this finding. Both on direct examination and on cross examination, appellee-claimant testified that she is suffering pain in her shoulder. On direct examination:

> "Q. While you were in the hospital did you suffer any pain?

"A. Yes, I have always had pain in my shoulder and my arm.

. . . .

"Q. And where was the pain?

"A. The pain was always in my shoulder and the stump, always."

On cross examination:

"Q. And this pain that you have is limited to your left arm, is that right?

"A. And my shoulder."

Numerous cases have dealt with the application of Section 306(a) and Section 306(c). *See Mancini v. Pennsylvania Rubber Company,* 147 Pa. Superior Ct. 359, 24 A. 2d 151 (1942). One contained facts strikingly similar to those in the instant case. *See Marshall v. Altoona,* 208 Pa. Superior Ct. 465, 222 A. 2d 408 (1966). All of these cases support the decision of the Board.

Accordingly, we enter the following

ORDER

Now, January 2, 1975, the order of the Workmen's Compensation Appeal Board, dated February 21, 1974, affirming the order of the referee which dismissed the petition for termination or modification and dismissing the appeal, is affirmed.