526

Philadelphia Tramrail Company and Pennsylvania Manufacturers' Association Insurance Company, Insurance Carrier, Appellants, *v.* Joseph Vincent Kennedy, Appellee.

Argued April 4, 1975, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*John F. McElvenny,* for appellants.

*Thomas F. McDevitt,* for appellee.

OPINION BY JUDGE ROGERS, April 29, 1975:

This is a workmen's compensation case in which an employer and its insurance carrier ask us to review the evidentiary record, which they contend does not support an award of benefits by a referee affirmed on appeal by the Workmen's Compensation Appeal Board and on a second appeal by the Court of Common Pleas of Philadelphia County. We have carefully reviewed the record and we too affirm.

In February 1965, Joseph Vincent Kennedy suffered injuries to his left hand in the course of his employment by Philadelphia Tramrail Company. The parties entered into an agreement for compensation for total disability. Mr. Kennedy returned to work at Tramrail in August 1965 and his employer and its insurance carrier filed a petition for termination of the agreement. The matter came on for hearing before a referee at which counsel for the parties requested that the petition for termination be considered a petition for suspension and stipulated that the agreement should be suspended because Mr. Kennedy had returned to work without loss of earnings. The referee entered an order to this effect.

In the latter part of 1968, Mr. Kennedy who was still experiencing difficulties with his hand, underwent surgical treatment at his own expense. Shortly after returning to work from this experience, Tramrail discharged him.

In November 1968, Mr. Kennedy filed a petition to reinstate the agreement for compensation, alleging total disability. A referee conducted hearings in 1969, 1970 and 1971, and on August 2, 1971 filed a decision in which he found that the claimant suffers an overall disability to earn of approximately 20 percent of his previous earning potential and awarded compensation accordingly. It is

the record thus made and this order which the Work-men's Compensation Appeal Board and the Court of Common Pleas of Philadelphia County were, and which we are now, requested to review.

At the referee's hearing, Mr. Kennedy testified that he suffers pain and numbness in, and that he is unable to make a fist with, his left hand. An orthopedic specialist testified in his behalf that Mr. Kennedy's left hand is atrophied, that its grasping power is diminished and that Mr. Kennedy suffers a 25 percentum permanent partial disability.

A medical witness testified for the employer that in his opinion Mr. Kennedy was not so disabled that he could not work but conceded that the claimant suffers a 5 to 10 percentum anatomical disability from an industrial standpoint.

The record also contains a history of Mr. Kennedy's work experience since the employer discharged him. His earnings in each employment were less than $109.80.[1]

The referee's finding on this record that Mr. Kennedy suffers a disability to earn of approximately 20 percent of his previous earning potential is clearly supported by substantial evidence.[2]

At the hearings below the employer adduced evidence, in the form of the testimony of an employment specialist, tending to show that there were employment opportunities available in the Philadelphia area. On cross-examination, however, this expert admitted that he had never seen

---

1. The appellants complain that the referee overlooked in his findings an employment by Purex Corporation in which Mr. Kennedy earned $2.50 per hour, which they describe as being in excess of the claimant's average weekly wage of $109.80. The compensation agreement reveals that the claimant was being paid at least $2.70 per hour by Tramrail.

2. For the scope of our review where the party having the burden of proof has prevailed below, see *Rice v. Steiert & Sons, Inc.*, 8 Pa. Commonwealth Ct. 264, 301 A.2d 919 (1973).

Mr. Kennedy, that a disability of his hand would be disqualifying for many of the positions described and ended his general testimony with the following statement:

> "I would say there are possibilities based on the information that has been given to me as to the disability and he could qualify possibly for the various jobs that I have listed and the basis of the qualification is that apparently he has a certain amount of use of the left hand. How much use he has would be the determining factor as to whether or not he could be able to get any of the positions."

The employer had the burden of proving the availability of work which Mr. Kennedy could perform. *Barrett v. Otis Elevator Co.,* 431 Pa. 446, 246 A.2d 668 (1968). The referee's failure to base a finding of availability on the appellants' evidence was clearly not a capricious disregard of competent evidence. We direct attention to *Don Mark Realty Company v. Milovec,* 11 Pa. Commonwealth Ct. 448, 314 A.2d 349 (1974), for an example of testimony the disregard of which may be found to be arbitrary and capricious in cases of this kind.

Having concluded, as did Judge HIRSH, who wrote a thorough and painstaking opinion for the court below, that the record fully supports the compensation authorities' findings and orders, we enter the following:

## ORDER

AND NOW, this 29th day of April, 1975, it is ordered that the compensation agreement between the parties be reinstated and additional compensation awarded. The defendant, Philadelphia Tramrail Company, and/or Pennsylvania Manufacturers' Association Insurance Company, Insurance Carrier, defendant, are hereby ORDERED and DIRECTED to pay to the claimant, Joseph Vincent Kennedy, compensation for recurring total disability at the rate of $47.50 per week, beginning October 27, 1968 and continuing thereafter up to but not including April 25, 1969, when claimant again returned to employment;

Compensation for 20 percent partial disability reflected in loss of income at the rate of $9.20 per week, beginning April 25, 1969 and continuing thereafter up to but not including May 10, 1969;

Compensation for 20 percent partial disability reflected in loss of income at the rate of $6.53 per week, beginning May 24, 1969 and continuing thereafter for a period of two weeks up to but not including June 8, 1969;

Compensation for 20 percent partial disability, while unemployed, at the rate of $14.64 per week, beginning June 8, 1969 and continuing thereafter up to but not including December 21, 1970;

Compensation for 20 percent partial disability, reflected in loss of income at the rate of $6.53 per week, beginning December 21, 1970 and continuing thereafter up to but not including January 11, 1971;

Compensation for 20 percent partial disability, while unemployed, at the rate of $14.64 per week, beginning January 11, 1971 and continuing thereafter within the provisions of the Pennsylvania Workmen's Compensation Act; together with interest at the rate of six percent per annum on all deferred amounts of compensation, payable hereunder.

All, in accordance with the provisions of the Pennsylvania Workmen's Compensation Act.