360 A.2d 620
Vincent L. KILLIAN and Workmen's Compensation
Appeal Board, Appellants,

v.

HEINTZ DIV. KELSEY HAYES and Insur-
ance Co. of North America.

Supreme Court of Pennsylvania.

Argued Jan. 19, 1976.

Decided July 6, 1976.

Thomas F. McDevitt, Philadelphia, for appellants.

Swartz, Campbell & Detweiler, R. D. Harburg, Philadelphia, for appellees.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

OPINION OF THE COURT

NIX, Justice.

Claimant-appellant, Vincent L. Killian, filed a petition for compensation pursuant to the Pennsylvania Workmen's Compensation Act of June 2, 1915, P.L. 736, art. III, §§ 306(a), 306(b), *as amended*, 77 P.S. §§ 511, 512 (Supp.1975–76) alleging total and subsequently partial disability as a result of accidental injury when his left hand was caught in a malfunctioning machine press. After a hearing, the referee entered an award of total disability benefits from April 24, 1968, through March 9, 1969, and partial disability benefits thereafter. On appeal to the Workmen's Compensation Board, the referee's award was affirmed. Subsequently, the Commonwealth Court affirmed the findings of fact, however, it concluded that an error of law had been committed and reversed

the decision of the Board. We granted allocatur and this appeal followed.[1]

In September 1963 Killian was working as a machinist for his employer Heintz, when his left hand was caught in a press, causing substantial portions of each of the four fingers of the hand to be amputated.[2] Killian was fully compensated pursuant to Sections 306(c)(1) and (c)(24) of the Act, supra, *as amended*, 77 P.S. 513(1) and (24) for the specific loss of the use of a hand for all practical intents and purposes:

[306(c)] "Schedule of compensation for disability from permanent injuries of certain classes

For all disability resulting from permanent injuries of the following classes, the compensation shall be exclusively as follows:

(1) For the loss of a hand, sixty-six and two-thirds per centum of wages during one hundred seventy-five weeks.

. . . . . . . .

(24) . . . Permanent loss of the use of a hand, . . ., shall be considered as the equivalent of the loss of such hand . . .."

See, *Curran v. Walter E. Knipe and Sons, Inc.*, 185 Pa. Super. 540, 547, 138 A.2d 251, 255 (1958).

The present litigation arose when Killian returned to work as a machinist and on April 23, 1968, sustained another injury to his left hand, requiring the remaining

---

1. On appeal from a compensation award, the scope of review of the Commonwealth Court is limited to a determination of whether or not constitutional rights were violated, an error of law was committed, or any necessary finding of fact was unsupported by substantial evidence. *Jessop Steel Co. v. Workmen's Compensation Appeal Board et al.*, 10 Pa.Cmwlth. 186, 188, 309 A.2d 86, 87 (1973).

2. His thumb remained intact.

portions of his fingers and part of his palm to be amputated. The referee found in pertinent part:

"6. Dr. William Tomasco, 841 Chestnut St. Phila. Pa. testified on behalf of claimant that he examined claimant after his first injury of September 23, 1963, and in connection with his second injury on March 24, 1969, that because of this second injury the rays of the left hand, through the metacarpals were amputated, that the area of the amputation was covered by means of multiple skin grafts removed from his legs, that the amputation resulted in the loss of the remaining sections of the finger stumps, that the palmer [sic] surfaces had been reduced by reason of the amputation, that there was present atrophy of the wrist and forearm due to disuse, that claimant sustained a permanent disability of 25%."

As a result of this second injury, appellant remained unable to work for almost a year. When he returned to work for Heintz, Killian was assigned as a tool crib attendant at a salary less than that which he earned prior to April 23, 1968.

In reversing the determination of total disability made by the Board, the Commonwealth Court perceived the issue to be an attempt by appellant to claim twice for the loss of his left hand. Section 306(c)(1), provides that it is the "exclusive" source of compensation for all disability for the loss of a hand, thus, the court reasoned:

"The statute does not provide further compensation for an injury to a member that judicially does not exist, and claimant-appellee is not entitled to receive an award for loss of something which he does not possess. . . . He cannot be further compensated for what is essentially the second loss of his hand."[3] *Heintz*

---

3. It is well settled that a member does not necessarily need to be amputated for the injury to cause total loss. The correct test is

*Division Kelsey Hayes Company, et al. v. Workmen's Compensation Appeal Board and Vincent L. Killian,* 15 Pa.Cmwlth. 391, 394–395, 326 A.2d 649, 650 (1974). In our judgment, the Commonwealth Court has taken an unnecessarily restrictive view of this matter.

 The courts of this jurisdiction have frequently discussed the three classifications for compensation under the Act,[4] i. e., "total disability", Section 306(a), 77 Pa.C.S. § 511; "partial disability", Section 306(b), 77 P.S. § 512; and, "all disability resulting from permanent injuries", Section 306(c), 77 Pa.C.S. § 513. See e. g., *Clark v. Clearfield Opera House Co.,* 275 Pa. 244, 119 A. 136 (1922); *Lente v. Luci,* 275 Pa. 217, 119 A. 132 (1922); *Berskis v. Lehigh Valley Coal Co.,* 273 Pa. 243, 116 A. 888 (1922); *Moran v. Glen Alden Coal Co.,* 154 Pa.Super. 608, 36 A.2d 845 (1944); *Yanik v. Pittsburgh Terminal Coal Corp.,* 150 Pa.Super. 148, 27 A.2d 564 (1942); *Croll v. Miller,* 133 Pa.Super. 448, 2 A. 527 (1938); *Reading Tube Corp. v. Workmen's Compensation Appeal Board,* 12 Pa.Cmwlth. 45, 315 A.2d 678 (1974). Under Sections 306(a) and (b), the legislature has attempted to provide for compensation during the periods of disability following an injury. The schedule of payment is dependent upon the extent of the disability, i. e., total or partial, and reflects an incapacity to perform one's duties and the loss of earning power resulting from that injury. *Lackman v. F. W. Woolworth Co.,* 205

to determine whether a claimant has suffered the permanent loss of the use of the injured member for all practical intents and purposes. This determination is a factual matter for the Board. E. g., *Verna v. Stabler,* 204 Pa.Super. 87, 91, 203 A.2d 578, 581 (1964); *Curran v. Knipe & Sons, Inc.,* 185 Pa.Super. 540, 138 A.2d 251 (1958). See also, Workmen's Compensation Act of 1915, P.L. 736, art. III, § 306(c)(24), *as amended,* 77 P.S. § 513(24).

4. While the rates and schedules of compensation have been amended over the years, other material portions of Section 306(a), (b), and (c) have remained substantially unchanged since 1915. Compare, *Symons, Jr. v. National Electric Products,* 414 Pa. 505, 200 A.2d 871 (1964) with *Berskis v. Lehigh Valley Coal Co.,* 273 Pa. 243, 116 A. 888 (1922).

Pa.Super. 129, 132–133, 208 A.2d 33, 35 (1965); *Cunningham v. Guerrina*, 188 Pa.Super. 288, 291, 146 A.2d 318, 319 (1958); *Moran v. Glen Alden Coal Co.*, supra, 154 Pa.Super. at 610, 36 A.2d 845. Under Section 306(c), the legislature has set forth a schedule of payment of compensation for a permanent injury or a loss of a member of the body. This sum is a statutorily prescribed amount and is intended to include all disability emanating from or connected with the loss of a member or a permanent injury to that member. *Lente v. Luci*, supra, 275 Pa. at 220, 119 A. 132; *Yaklich v. Union Collieries Co.*, 158 Pa.Super. 55, 58, 43 A.2d 591, 593 (1945); *Vanaskie v. Stevens Coal Co.*, 133 Pa.Super. 457, 460, 2 A.2d 531, 532 (1938). Thus, even though a claimant was employed at the same work and at the same wages as before the accident he would not be barred from compensation under Section 306(c). *Morrow v. J. S. Murray & Sons, et al.*, 136 Pa.Super. 277, 7 A.2d 109 (1939).

Additionally, in *Lente v. Luci*, supra, the seminal case in this area, our Court recognized that there may be occasions where other parts of the body have been injured or destroyed as a result of the permanent injury. Under certain circumstances, such additional injury is compensable under Sections 306(a) or (b) of the Act.

"As stated, section 306 includes all disability emanating from or connected with a permanent injury to the member mentioned, but it must not be understood that compensation will be denied if the physical structure of the body, distinct from the member, is affected by such permanent injury. Compensation may be made for an injury to, destruction or affection of, other organs or parts of the body produced by the permanent injury, causing a disability separate, apart and distinct from that mentioned in paragraph (c). This may be under paragraph (b), or, if total disability, under paragraph (a), as, for illustration, a latent tubercular

condition in another part of the body becoming active through the permanent injury; such condition presents a conception far different from that arising out of all disability resulting from permanent injury from the loss of a foot, occasioned by the destruction of a member of the body mentioned in (c). Under the latter, the compensation is fixed; it provides for a single and sole method for the specific injury, regardless of working capacity, and no other scale or standard can be adopted. *But, in these cases, where it is claimed that some other part of the body is affected, it must definitely and positively appear that it is so affected, as a direct result of the permanent injury; the causal connection must be complete, and, further, the disability must be separate and distinct from that which normally follows an injury under paragraph (c), and must endure beyond the time therein mentioned. There must be a destruction, derangement or deficiency in the organs of the other parts of the body.* It does not include pain, annoyance, inconveniences, disability to work or anything that may come under the term 'all disability,' or normally resulting from the permanent injury."

*Id.* at 275 Pa. 221–22, 119 A. 133. (Emphasis added)

In *Carnovale v. Supreme Clothes, Inc.*, 7 Pa.Cmwlth. 253, 298 A.2d 640 (1973), the claimant received compensation for the permanent loss of her hand. The employer asserted that a resultant injury to the claimant's wrist was insufficient to sustain an additional award for total disability because it was not another distinct part of her body. The Commonwealth Court disagreed and appropriately noted:

In cases of specific loss claims, the well-established rule is that an employee who sustains an injury adjudged compensable under Section 306(C) of the Workmen's Compensation Act (77 P.S. 513) is not entitled to additional compensation, beyond that provided

under Section 306(C), even though he may be totally disabled by the injury. *Yanik v. Pittsburgh Terminal Coal Corporation,* 150 Pa.Super. 148, 27 A.2d 564 (1942), *Hayden v. Stony Springs Coal Company et al.,* 157 Pa.Super. 423, 43 A.2d 384 (1945).

However, there is an exception to the general rule. A claimant is entitled to total disability benefits under Section 306(A) in addition to benefits for specific loss under Section 306(C) where there is a "destruction, derangement or deficiency in the organs of the other parts of the body." Thus if a specific loss injury results in disability which is separate and distinct from that which normally follows such an injury and which is the direct result of the injury, then benefits for total disability are allowed in addition to benefits for specific loss. *Lente v. Luci,* 275 Pa. 217, 222, 119 A. 132 (1922).

*Id.,* at 256, 298 A.2d at 641.

See generally, *Philadelphia Tramrail Co., et al. v. Kennedy,* 18 Pa.Cmwlth. 526, 336 A.2d 924 (1975); *Kraft Foods Division et al. v. Workmen's Compensation Appeal Board,* 16 Pa.Cmwlth. 592, 330 A.2d 283 (1975); *Groncki v. Allegheny Pittsburgh Coal Co.,* 204 Pa.Super. 465, 468, 205 A.2d 624, 625 (1949); but cf., *Casper v. State Workmen's Insurance Fund, et al.,* 132 Pa.Super. 96, 105, 200 A. 186, 189 (1938).

█ It would appear to follow under the reasoning of *Lente v. Luci,* supra, and *Carnovale v. Supreme Clothes, Inc.,* supra, that the mere fact that a second injury involved the remnant of the member of the body for which permanent injury had been previously compensated under Section 306(c), would not preclude additional recovery under Sections 306(a) and (b) provided that the claimant could establish a destruction, derangement and deficiency to a separate and distinct part of his body as a result of that second injury. In the instant case, the

standards articulated in *Lente v. Luci,* supra, were not applied. There were no findings by the referee or the Board as to whether or not the additional injuries to Killian met the test for additional compensation under Sections 306(a) or (b).

If there had been only one accident causing the injury now affecting appellant, it would have been clear that the proper inquiry would have been to determine whether there was disability separate and distinct which normally would not have followed from the loss of the member in question. Because a second accident had caused injury to the same hand previously injured, there was no reason not to apply the *Lente* test, that, is, whether the 1968 injury solely affected Killian's left hand or did that second injury also affect a separate and distinct part of his body.

There is testimony which suggests that Killian sustained a separate and distinct injury to his arm as a result of the 1968 accident. Regrettably, the referee and the Board failed to make a finding as to whether or not the injuries to the arm fell within the test set forth in *Lente,* supra.

We therefore remand this case to the Workmen's Compensation Appeal Board for a determination of whether the injuries suffered in 1968 affected the left arm in such a manner that Killian was entitled to compensation for disability under Section 306(a) and/or (b) of the Workmen's Compensation Act.

It is so ordered.

JONES, C. J., and EAGEN, J., concur in the result.