527 A.2d 197

Commonwealth of Pennsylvania, Department of Transportation and State Workmen's Insurance Fund, Petitioners *v.* Workmen's Compensation Appeal Board (Hockenberry), Respondents.

.Submitted on. briefs April 21, 1987, to Judges CRAIG and DOYLE, and Senior Judge BARBIERI, sitting as a panel of three.

*Catherine A. Blue,* Assistant Chief Counsel,· with her, · *Paul ·J. Dufallo,* for petitioner; Department of Transportation.

*John W. McTiernan,* for respondent.

OPINION BY SENIOR JUDGE BARBIERI, June 10, 1987:

Before us in this workmen's compensation case is the petition of State Workmen's Insurance Fund (SWIF), appealing from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision that included in an award for disfigurement, compensation for the first seven days of disability suffered by Stephen J. Hockenberry, Claimant. We affirm.

The issue here is one of statutory construction. Awards for disfigurement are authorized under subsection (22) of Section 306(c) of The Pennsylvania Work-

men's Compensation Act (Act),[1] 77 P.S. §513. The initial paragraph of Section 306(c) reads ·

> For all *disability* resulting from permanent injuries of the following classes, the compensation shall be exclusively as follows: . . . . (Emphasis added.)

The precise question for our determination is whether Claimant suffered more than fourteen days of "disability" required in order to warrant the payment for the first week of disability under the terms of Section 306(c)(e), 77 P.S. §514, which reads:

> No compensation shall be allowed for the first seven days after disability begins, except as provided in this clause (e) and clause (f) of this Section. If the period of disability lasts fourteen days or more, the employe shall also receive compensation for the first seven days of disability.

The uncontradicted facts establish that Claimant was injured on June 27, 1984, sustaining the disfigurement for which the referee fixed the benefit period of eight weeks. Claimant had also suffered total disability from the injury for the period June 28, 1984 to and including July 8, 1984, with partial disability continuing thereafter.[2] The referee's award states:

> AND NOW, defendant, Penn Dot, and its insurance carrier, State Workmen's Insurance Fund, is directed to pay the claimant, Stephen J. Hockenberry, compensation at the rate of $160.00 per week for a period of time commencing June 28, 1984 and continuing to September

---

[1] Act of June 15, 1915, P.L. 736, *as amended*.

[2] The referee's suspension order, effective after July 8, 1984, indicates the continuation of partial disability, but with no loss of earnings. See §306(b) of the Act, 77 P.S. §512.

2, 1984 which represents payment of temporary total disability and permanent unsightly facial disfigurement benefits. Benefits shall be suspended as of September 3, 1984 inasmuch as the claimant returned to work with a partial disability not reflected in a loss of earnings.

This is based upon the referee's eighth Finding of Fact which reads

8. Based upon the testimony of record, your Referee finds that the claimant was temporarily and totally disabled from June 28, 1984 continuing to and including July 8, 1984. In addition to the temporary total disability benefits, the claimant is entitled to benefits for permanent unsightly facial disfigurement for a period of 8 weeks.

The Board, in affirming the referee's award stated: It is the Defendant's contention the six [sic] week scar award should not be 'counted' toward the fourteen day requirement. We disagree. We can see no reason to distinquish [sic] between total disability, partial disability, specific losses, and scars in interpreting this Section. Certainly the first week of compensation is payable in a specific loss case whether or not the employee actually misses work. The same must be true if the 'injury' is a scar. We therefore hold the fourteen day disability period required by Section 306(e) includes any period a Claimant receives benefits for a facial disfigurement. The Referee is affirmed.

At the outset, we note that, while it is true that an award for disfigurement may be made, as with other specific losses under Section 306(c), without there being any disability whatsoever, nevertheless, here we have

disability, total and partial,[3] throughout the period for which there can be no question that the Claimant suf¬ fered a disability for more than the fourteen days specified in Section 306(e).

SWIF, equating "disability" with compensable disability, argues against payment of the first week of Claimant's incapacity to work on the basis that Claimant ceased to have a compensable disability when he returned to work on June 9, 1984. Based on this reasoning, SWIF counts only twelve days of actual disability, less than the fourteen days normally required to authorize payment for the first week of disability. We cannot agree with the conclusion SWIF reaches for two reasons. First, there is here actual disability, although not compensable as such, for the entire period during which disfigurement payments are made and continuing thereafter under the suspension order, and the case law, long established, has been that, while no disability is required for an award under Section 306(c) for a specific loss or disfigurement, an award separate and apart for disability other than the specific loss is freely permissible.[4] Secondly, even if there were no *compensable* disability period during the eight weeks awarded for disfigurement, we still must construe the legislation to require the result reached by the referee and Board. Thus, although awards under Section 306(c) do not require compensable disability, they must be characterized as periods of "disability," for Section 306(e), 77 P.S. §314, purposes, a form of "statutory disability." In our view, this must follow from the Legislature's statement in the first paragraph of Section 306(c), quoted above,

---

[3] The referee's determination of continuing partial disability is not questioned on this appeal.

[4] *Killian v. Heintz Div. Kelsey Hayes,* 468 Pa. 200, 360 A.2d 620 (1976), and see cases cited therein.

that benefits thereunder are "[f]or all *disability* resulting from permanent injuries of the following classes, . . ." We believe, therefore, that we must construe the word "disability" in the first paragraph of subsection (c) of Section 306 to connote a legislative intent that disfigurement is a form of disability within the meaning of that term in subsection (e) of the same section.

Accordingly, we will affirm.

ORDER

Now, June 10, 1987, the order of the Workmen's Compensation Appeal Board, as of No. A-90298, dated November 14, 1985, is affirmed.