Vanaskie, Appellant, *v.* Stevens Coal Company et al.

458

Argued October 26, 1938.

Before KELLER, P. J., CUNNING-
HAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*Roger J. Dever*, for appellant.

*Guy K. Bard*, Attorney General, *John T. J. Brennan*
and *S. H. Torchia*, for appellees.

OPINION BY CUNNINGHAM, J., November 22, 1938:

In this workmen's compensation case the compensa-
tion authorities, without a syllable of testimony to
justify such action, modified an agreement for payments
at the rate of $15 per week for the definite period of
150 weeks, 'fixed by Section 306(c) of the Workmen's
Compensation Act of June 2, 1915, P. L. 736, as
amended April 13, 1927, P. L. 186, 77 PS §513, for
the loss of claimant's left foot, into an award for total
disability, under Section 306(a), for a potential period
of 500 weeks. The court below properly sustained the
exceptions of the employer and its insurance carrier
and entered judgment in their favor. This appeal by
the claimant from that judgment is without merit.

Here, as in the case of *Croll v. Miller et al.* 133 Pa. Superior Ct. 448, 2 A. 2d 527, the referee, in applying the law to his findings of fact paid no attention whatever to the decision of our Supreme Court in *Lente v. Luci,* 275 Pa. 217, 119 A. 132, and the board was equally remiss in affirming his award.

The matter came before the board upon a petition for review filed by the claimant on November 23, 1936, (approximately one month before the expiration of the 150 weeks' period specified in the agreement) under the provisions of the second paragraph of Section 413, 77 PS §772.

As recited in the agreement, claimant's left foot was amputated between the knee and ankle as the result of an accident in the course of his employment on February 2, 1934. The testimony establishes that no other member or organ of his body was affected in any way by the accident or as a result of the permanent injury.

The ground stated by claimant in his petition for a review of the agreement was: "I have been examined by my doctor, whose opinion is my disability will extend beyond the 150 weeks due to a chronic ulcer on the end of the stump."

After a hearing, the referee made the following findings in which the claimant was given the benefit of every conflict in the medical testimony:

"5. During the past two years the claimant has developed a necrosis of the tissues on the stump of his leg, which is due to the bone extending close to the overlapping skin. Whenever pressure is put on the stump the tissues break down and ulcers develop. He has an artificial leg which he has used several times, and because of the pressure put on his leg when wearing this artificial appliance the ulcers develop. However, it is not due entirely to pressure being put on the artificial leg when it is worn by the claimant but be-

cause of the conditions existing that these ulcers develop. In order to alleviate this condition a portion of the end of the tibia should be removed in order to give the claimant more cushion to permit him to use an artificial limb to get around.

"6. We find that in his present condition he is totally disabled, and until it is corrected by operation he will suffer a like condition as he has experienced during the past two years."

There is evidence to support the fifth finding. The sixth finding as to the extent of claimant's disability at its date is immaterial in any possible view of the evidence. But if it be conceded that claimant was totally disabled at the time of the hearing that fact furnishes no support for the award of additional compensation under paragraph (a), beginning at the expiration of the 150 weeks' period and to continue, under the general limitations of the statute, until claimant's disability decreases or ceases.

We adopt the following excerpt from the opinion of the court below: "It is well settled that the statute fixes the amount to be paid for the loss of a foot without considering, but including, all incapacity, whether such incapacity were total, partial or no incapacity at all, and that additional compensation may be allowed only where some other part of the body is affected, and it must definitely and positively appear that it is so affected, as a direct result of the injury: *Lente v. Luci,* [supra]. In the instant case it is undisputed that there is no injury except below the knee, and it is not claimed that any part of the body above the knee is affected."

We may add that it was distinctly held in the Lente case that the phrase "all disability," as used in paragraph (c), includes "pain, annoyance, inconveniences, disability to work," and everything incident to the permanent injury. See also *Rednock v. Westmoreland Coal Company,* 132 Pa. Superior Ct. 89, 94, 200 A. 114,

and *Casper v. State Workmen's Insurance Fund,* 132 Pa. Superior Ct. 96, 103-107, 200 A. 186.

Claimant has been paid in full the compensation due him under the agreement. That is all the defendants can legally be compelled to pay. The medical witnesses agree that the operation referred to in the findings of the referee would materially reduce claimant's handicap. If claimant's foot was amputated by a surgeon in the employ of the coal company, it might be disposed to tender him a remedial operation in addition to performing its strict legal obligations, but no court has power to make an order to that effect.

Judgment affirmed.