**Joe W. GRANT, Plaintiff-Appellee,**

v.

**Casper W. WEINBERGER, Secretary of Health, Education and Welfare, Defendant-Appellant.**

**No. 73–1115.**

United States Court of Appeals, Sixth Circuit.

Argued June 8, 1973.

Decided July 18, 1973.

---

Stanton R. Koppel, Dept. of Justice, for defendant-appellant; Harlington Wood, Jr., Asst. Atty. Gen., John P. Milanowski, U. S. Atty., Kathryn H. Baldwin, Atty., Dept. of Justice, Washington, D. C., on brief.

Edward M. Welch, Jr., Muskegon, Mich., for plaintiff-appellee; Mc-Croskey, Libner, Van Leuven, Kortering, Cochrane & Brock, by Edward M. Welch, Jr., Muskegon, Mich., on brief.

Before WEICK, EDWARDS and PECK, Circuit Judges.

PER CURIAM.

Appellant, Secretary of Health, Education and Welfare, appeals from the grant of full Social Security disability benefits by the United States District Court for the Western District of Michigan, Southern Division.

This case is an extension of the debate previously joined in Lofty v. Richardson, 440 F.2d 1144 (6th Cir.), cert. denied, 404 U.S. 985, 92 S.Ct. 443, 30 L. Ed.2d 369 (1971), and ultimately decided in Richardson v. Belcher, 404 U.S. 78, 92 S.Ct. 254, 30 L.Ed.2d 231 (1971). These cases concerned a due process attack upon 42 U.S.C. § 424a (1970), wherein Congress provided an offset against Social Security disability payments of the amount of any payments for disability then being made under a state workmen's compensation plan.

In the instant case plaintiff Grant suffered the amputation of his arm in the course of his employment at the Lakey Foundry Corporation. The employer paid the sums provided by the Michigan Workmen's Compensation Act (*see* M.S.A. 17.237 (361) (Cum.Supp. 1972)), M.C.L.A. § 418.361. This provision provides in part that the "disability . . . shall be deemed to continue for the period specified. . . ." " . . . arms, 269 weeks . . ." (M.S.A. 17.-237(361)(i) (Cum.Supp.1972)).

The administrative decision and that of the Hearing Examiner and the appeals council was that the payments provided for the loss of the arm must be offset against Social Security disability payments. On petition to review that decision before the District Judge, the Judge recognized that Richardson v. Belcher, *supra*, and Lofty v. Richardson, *supra*, were controlling on the constitutional issue pertaining to due process, but held that Michigan case law, particularly Jones v. Cutler Oil Co., 356 Mich. 487, 97 N.W.2d 74 (1959), demonstrated that specific loss benefits under the

Michigan Workmen's Compensation statute are not dependent upon actual (as opposed to presumed) disability, but really amount to arbitrarily determined amounts paid for the loss of a specific portion of the body. *See* Magreta v. Ambassador Steel Co., 378 Mich. 689, 148 N.W.2d 767 (1967).

The decision of this court in *Lofty, supra,* and that of the Supreme Court in *Richardson, supra,* apply an arguably harsh result because it seemed obvious to the courts concerned that Congress intended the offset and that its legislative decision was well within its legislative powers. In this case the harshness of the Congressional enactment is even further illustrated. The loss is permanent and in the instance of this totally disabled plaintiff, it will not result in any benefit at all in excess of what he would have received (without Workmen's Compensation) from Social Security total disability benefits alone.

The purpose of the offset amendment, as well as its method of operation, seems plain to us from the face of the statute:

§ *424a. Reduction of disability benefits through receipt of workmen's compensation*

(a) If for any month prior to the month in which an individual attains the age of 62—

(1) such individual is entitled to benefits under section 423 of this title, and

(2) such individual is entitled for such month, under a workmen's compensation law or plan of the United States or a State, to periodic benefits for a total or partial disability (whether or not permanent), and the Secretary has, in a prior month, received notice of such entitlement for such months,

the total of his benefits under section 423 of this title for such month and of any benefits under section 402 of this title for such month based on his wages and self-employment income shall be reduced (but not below zero) by the amount by which the sum of—

(3) such total of benefits under sections 423 and 402 of this title for such month, and

(4) such periodic benefits payable (and actually paid) for such month to such individual under the workmen's compensation law or plan,

exceeds the higher of—

(5) 80 percentum of his "average current earnings", or

(6) the total of such individual's disability insurance benefits under section 423 of this title for such month and of any monthly insurance benefits under section 402 of this title for such month based on his wages and self-employment income, prior to reduction under this section.

42 U.S.C. § 424a. (1970).

We note, of course, the District Judge's reliance upon state law holdings that under the Michigan Compensation law specific benefits are not dependent upon proof of incapacity for work. *See* Magreta v. Ambassador Steel Co., 378 Mich. 689, 696, 148 N.W.2d 767 (1967). This fact, however, does not serve to remove these benefits from the Michigan Workmen's Compensation plan or to demonstrate any Congressional intent to exclude them under § 424a.

Since the benefits for specific loss which are the subject of this dispute are provided for the months concerned "under a workmen's compensation law or plan . . . of . . . a State" the offset mandated by the statute must be given effect. Richardson v. Belcher, *supra,* 404 U.S. at 84, 92 S.Ct. at 258.

The judgment of the District Court is reversed and the case is remanded for entry of judgment in favor of the Secretary.