**Ernest J. CARNEVALI, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 84–2259.**

United States District Court,
W.D. Pennsylvania,
Civil Division.

Sept. 6, 1985.

Thomas P. Geer, Pittsburgh, Pa., for plaintiff.

Amy Reynolds Hay, Asst. U.S. Atty., Pittsburgh, Pa., for defendant.

OPINION

SIMMONS, District Judge.

I.

The Plaintiff, Ernest J. Carnevali, filed an application for disability insurance bene-

fits under Title II of the Social Security Act on August 3, 1982, alleging that he had been disabled since August 18, 1981, as the result of the amputation of his right forearm and other impairments. Carnevali indicated on his application that in October, 1981, he received a workmen's compensation award, payable in bi-weekly amounts of $524.00, beginning in September, 1981. Title II disability benefits were awarded, but Plaintiff was notified that his benefits would be reduced because of the receipt of the workmen's compensation. Plaintiff requested reconsideration of that decision, on the grounds that the workmen's compensation award was not based on disability but on loss of the forearm, and that the workmen's compensation had been commuted to a lump sum on March 30, 1983. Upon reconsideration it was found that the reduction in the Title II benefits was required. An Administrative Law Judge [ALJ] found in a *de novo* decision dated March 26, 1984 that the monthly disability insurance benefits were properly reduced due to Carnevali's entitlement to workmen's compensation benefits. The Appeals Council denied the request for review, and the decision of the Secretary thus became final on July 23, 1984. This district court action was filed on September 20, 1984.

The administrative record and the answer have been filed, the Defendant Secretary has filed a motion for summary judgment, the parties have submitted briefs in support of their respective positions, and the matter is now ready for decision by this Court. The issue is whether the Secretary's decision that the Plaintiff Ernest Carnevali received workmen's compensation within the meaning of 42 U.S.C. § 424a is supported by substantial evidence, and whether that decision is in accordance with the applicable laws and regulations.

## II.

Section 224(a) of the Social Security Act, 42 U.S.C. § 424a(a), as amended, August 13, 1981, and applicable to the instant case, provides that benefits are to be reduced on account of receipt of workmen's compensation:

(a) If for any month prior to the month in which an individual attains the age of 65—

(1) such individual is entitled to benefits under section 223, and

(2) such individual is entitled for such month to periodic benefits on account of such individual's total or partial disability (whether or not permanent) under—

(A) a workmen's compensation law or plan of the United States or a State,

.    .    .    .    .

The total of his benefit under section 223 for such month and of any benefits under section 202 for such month based on his wages and self-employment income shall be reduced (but not below zero) by the amount by which the sum of—

(3) such total of benefits under sections 223 and 202 for such month, and

(4) such periodic benefits payable (and actually paid) for such month to such individual under such laws or plans, exceeds the higher of—

(5) 80 percent of his 'average current earnings', or

(6) The total of such individual's disability insurance benefits under section 223 for such month and of any monthly insurance benefits under section 202 for such month based on his wages and self-employment income, prior to reduction under this section.

42 U.S.C. § 424a(a).

Section 224(d), 42 U.S.C. § 424a(d), provides that the above reduction will not be made if the applicable workmen's compensation law requires that benefits be reduced because of entitlement to Social Security disability benefits. The Pennsylvania Workmen's Compensation Act, 77 P.S. § 1 *et seq.*, does not so provide.

Section 224(b), 42 U.S.C. § 424a(b), also provides that if a periodic benefit "is pay-

able on other than a monthly basis (excluding benefits payable as a lump sum except to the extent that it is a commutation of, or a substitute for, periodic payments), the reduction under this section shall be made at such time or times and in such amounts as the Secretary finds will approximate as nearly as practicable the reductions prescribed by subsection (a)." There is no provision in the Social Security Act imposing the obligation upon a beneficiary to apply for workmen's compensation as a condition for receiving Social Security benefits.

The Pennsylvania Workmen's Compensation Act is the exclusive remedy for employees in actions against the employer for injury or death arising in the course of employment. (77 P.S. § 481). Under the Act, compensation is given for total disability, 77 P.S. § 511; partial disability, 77 P.S. § 512; and disability from permanent injuries, 77 P.S. § 513. The amount of payment for each category is based on a percentage of the wages for a specified time period. The compensation is payable in periodic installments, 77 P.S. § 601, but it may be commuted to a lump sum payment, provided that certain conditions set forth in 77 P.S. § 604 are met.

### III.

The Plaintiff contended before the ALJ that his Social Security disability insurance benefits should not be reduced because the Workmen's Compensation benefit was not a payment for disability, but rather was payment for the loss of the forearm; and because the periodic Workmen's Compensation benefit was commuted to a lump sum payment made on April 13, 1983. The ALJ rejected the contention that the payment was for the loss of the forearm rather than a disability payment, finding that the particular definitions contained in the Pennsylvania Workmen's Compensation Act were not incorporated into the Social Security Act, which provides, instead, that any periodic benefit based on a workers total or partial disability, temporary or permanent, paid under a workmen's compensation law, will cause Social Security disability benefits to be offset. The ALJ found that section 306(c) of the Pennsylvania Workmen's Compensation Act, 77 P.S. § 513, used the term "disabled", and payments made under that section of the Pennsylvania act have all the characteristics enumerated in section 224(a), 42 U.S.C. § 424a, of the Social Security Act.

Additionally, the ALJ concluded that the fact that Carnevali's periodic payment was commuted to a lump sum award did not exempt the disability insurance benefits from the offset provision contained in section 224(a) of the Social Security Act, 42 U.S.C. § 424a(a). The ALJ read section 224(b) of the Social Security Act, and the applicable Social Security Regulations, as requiring the lump sum award to be pro rated on a monthly basis to calculate the offset to be applied to the disability benefits from the date of the lump sum award in April, 1983. The mere fact that a lump sum award was given did not exempt the Plaintiff's benefits from the offset provision of the Social Security Act.

The Plaintiff argues on this appeal that the Pennsylvania Workmen's Compensation Act deals differently with specific loss benefits from permanent injuries under section 306(c), 77 P.S. § 513, than it does for disability benefits under section 306(a), 77 P.S. § 511, and for partial disability under section 306(b), 77 P.S. § 512. This difference is significant, according to the Plaintiff, because the benefits under section 306(c), 77 P.S. § 513, vest as the property of the claimant from the time of the award, are payable whether or not the claimant is working, and remain payable even when the claimant dies from other causes. Plaintiff argues that an award such as the one made here for the loss of a forearm, is therefore not a "disability" award which is subject to the offset provisions of the Social Security Act.

With respect to the lump sum payment, Plaintiff argues that the commutation of

benefits under section 306(c), 77 P.S. § 513, has a different character than commuted partial disability benefits under section 306(b), 77 P.S. § 512. The commutation of section 306(c) benefits, says Plaintiff, is actually a lump sum payment of the claimant's own money, dating back to the time of the award. In contrast, commuted benefits for partial disability do not accrue in advance, because partial disability is a temporary situation, depending upon the availability of light work and its changing pay scale, and the changing physical condition of the claimant.

The constitutionality of section 224, the offset provision of the Social Security Act, has been upheld by the Supreme Court of the United States in *Richardson v. Belcher*, 404 U.S. 78, 92 S.Ct. 254, 30 L.Ed.2d 231 (1971). The Supreme Court noted that Congress examined the problem of duplication of disability benefits in 1965, and passed section 224 in response to that concern:

> [I]n 35 of the 50 States, a typical worker injured in the course of his employment and eligible for both state and federal benefits received compensation for his disability in excess of his take-home pay prior to the disability.... It was strongly urged that this situation reduced the incentive of the worker to return to the job, and impeded the rehabilitative efforts of the state programs. Furthermore, it was anticipated that a perpetuation of the duplication in benefits might lead to the erosion of the workmen's compensation programs. The legislative response was § 224, which, by limiting total state and federal benefits to 80% of the employee's average earnings prior to the disability, reduced the duplication inherent in the programs and at the same time allowed a supplement to workmen's compensation where the state payments were inadequate.

> .   .   .   .   .

The original purpose of state workmen's compensation laws was to satisfy a need

inadequately met by private insurance or tort claim awards. Congress could rationally conclude that this need should continue to be met primarily by the States and that a federal program that began to duplicate the efforts of the States might lead to the gradual weakening or atrophy of the state programs.

404 U.S. at 82–84, 92 S.Ct. at 258, 30 L.Ed.2d at 235–36.

In *Killian v. Heintz Div. Kelsey Hayes*, 468 Pa. 200, 205, 360 A.2d 620, 623 (1976), the Pennsylvania Supreme Court discussed the three classifications for compensation under the Pennsylvania Workmen's Compensation Act. Disability payments under sections 306(a) and (b), 77 P.S. §§ 511, 512, are designed to provide for compensation during the period of disability following an injury, and payment is dependent on whether the disability is total or partial, and reflects an incapacity to perform duties and the loss of earning power resulting from the injury. With respect to section 306(c), 77 P.S. § 513, the Court stated as follows:

> Under Section 306(c), the legislature has set forth a schedule of payment of compensation for a permanent injury or a loss of a member of the body. This sum is a statutorily prescribed amount and is intended to include all disability emanating from or connected with the loss of a member or a permanent injury to that member. *Lente v. Luci*, 275 Pa. 217, 220, 119 A. 132 (1932); *Yaklich v. Union Collieries Co.*, 158 Pa.Super. 55, 58, 43 A.2d 591, 593 (1945); *Vanaskie v. Stevens Coal Co.*, 133 Pa.Super. 457, 460, 2 A.2d 531, 532 (1938). Thus, even though a claimant was employed at the same work and at the same wages as before the accident he would not be barred from compensation under Section 306(c). *Morrow v. J.S. Murray & Sons, et al.*, 136 Pa.Super. 277, 7 A.2d 109 (1939).

468 Pa. at 205, 360 A.2d 620.

It is clear that the fact that the Plaintiff received compensation for a specific permanent loss under section 306(c), 77 P.S.

**1504**

§ 513, does not mean that the compensation was not for disability. "[W]hen a claimant suffers a permanent loss and receives benefits under Section 306(c) that award compensates him not only for that loss but for all disability resulting from that loss." *Campbell v. Workmen's Compensation Appeal Board (M. Glosser & Sons)*, 80 Pa.Cmwlth. 148, 472 A.2d 272, 275 (1984). Compensation received under 77 P.S. § 513 makes an individual ineligible for partial or total disability compensation under 77 P.S. §§ 511 and 512. Moreover, an individual who has lost the use of both legs and is totally disabled pursuant to section 306(c)(23), 77 P.S. § 513(23), may elect between receiving loss benefits under section 306(c), 77 P.S. § 513, or total disability benefits under section 306(a), 77 P.S. § 511. *Turner v. Jones & Laughlin Steel Corporation*, 479 Pa. 618, 389 A.2d 42 (1978). This Court also notes that in *Grant v. Weinberger*, 482 F.2d 1290 (8th Cir. 1973), it was concluded that specific loss benefits for the loss of an arm were subject to offset against Title II disability benefits, even though state law did not require proof of incapacity for work as the basis for the receipt of the compensation.

■ This Court therefore concludes that a payment made under section 306(c), 77 P.S. § 513, is a payment made for disability and is subject to the offset provisions contained in section 224(a), 42 U.S.C. § 424a, of the Social Security Act.

■ The Pennsylvania Workmen's Compensation Act provides that all compensation shall be payable in periodic installments, as the wages of the employee were payable before the injury. 77 P.S. § 601. However, the award may be commuted if it is in the best interest of the employee and it will avoid undue expense and hardship to either party. 77 P.S. § 604. Here, the referee on March 25, 1983, clearly stated that the weekly workmen's compensation award was commuted. (*See* Tr. 100–102). Therefore, 42 U.S.C. § 424a(b) requires the offset of workmen's compensation received as a commutation of, or a substitute for, periodic payments.

After thoroughly reviewing the record and the applicable law, this Court is convinced that the decision of the Secretary is supported by substantial evidence and is in accordance with the law. The Defendant's Motion for Summary Judgment will be granted, and an appropriate Order will be entered.