Patricia T. LEMIRE

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES.**

Civ. No. 87–331–D.

United States District Court, D. New Hampshire.

Feb. 22, 1988.

Ellen S. Friedman, Nashua, N.H., for palintiff.

Gretchen Leah Witt, Asst. U.S. Atty., Concord, N.H., for defendant.

OPINION

DEVINE, Chief Judge.

Plaintiff Patricia T. Lemire filed an application for disability insurance benefits on June 6, 1984, and was found to be disabled as of March 16, 1982, in a July 23, 1985, hearing decision. In calculating Mrs. Lemire's benefits, the Administrative Law Judge ("ALJ") offset a $70,000 lump sum worker's compensation settlement she had received. Plaintiff appealed the ALJ's decision, arguing that $30,000 of the lump sum payment should not have been offset because it was awarded under the New Hampshire Workers' Compensation law, Revised Statutes Annotated ("RSA") 281:26, for the loss of the use of her legs. Section 26 provides a benefit in addition to disability benefits for permanent bodily loss. Plaintiff argued that a permanent loss award is not a "periodic benefit on account of ... disability" and thus is not subject to the offset provision of the Social Security Act, 42 U.S.C. § 424a. The ALJ's decision was upheld on reconsideration and in a *de novo* hearing decision dated March

19, 1987. The Appeals Council affirmed the decision, rendering it the final decision of the Secretary.

### Issue

The issue is whether the Secretary erred in determining that lump sum benefits awarded for permanent bodily loss under RSA 281:26 are "periodic benefits on account of such individual's total or partial disability," subjecting them to the offset provision of the Social Security Disability Act, 42 U.S.C. § 424a.

### Standard of Review

■ The Secretary asserts that the Court should affirm the Appeals Council's decision because it is supported by substantial evidence. 42 U.S.C. § 405(g). This standard of review applies only to the Secretary's findings of fact, not to conclusions of law. *Id.; Slessinger v. Secretary*, 835 F.2d 937, 938–39 (1st Cir.1987). Because the question presented is one of the interpretation of federal law, the Court will review the Secretary's decision to determine whether the legal conclusions are erroneous. *Cantrell v. Schweiker*, 532 F.Supp. 799, 800 (W.D.Va.1982) (question of offset under § 424a is one of law).

■ In construing a federal statute, the Court may defer to the administrative agency's interpretation, but such deference "depends on the extent to which the matters at issue depend peculiarly on the agency's field of expertise." *McCuin v. Secretary*, 817 F.2d 161, 168 (1st Cir.1987). The Social Security Administration's expertise is in the area of health and social welfare and would be deserving of deferential consideration if, for example, the Court were reviewing the record for evidence of disability. *Powell v. Heckler*, 789 F.2d 176, 179–80 (3d Cir.1986). In the instant case, the Secretary was not required to utilize this expertise in defining the statutory terms, but instead interpreted case law to

reach a decision, an interpretive skill which is "more commonly consigned to the judiciary's field of expertise." *McCuin, supra*, 817 F.2d at 168. Additionally, because the Court must define a provision which is central to the statutory scheme and which will clarify an area of the law, the Court is not obliged to defer to the Secretary's conclusions. *Mayburg v. Secretary*, 740 F.2d 100, 106–07 (1st Cir.1984). In making its determination, the Court abides by the general principle that the Social Security Act is remedial in nature and should be "broadly construed" and "liberally applied" in favor of beneficiaries. *McCuin, supra*, 817 F.2d at 174; *Mayburg, supra*, 740 F.2d at 103.

### Discussion

■ The Social Security Act provides in relevant part that, in any month, if an individual eligible for Social Security disability benefits is also eligible for "periodic benefits on account of such individual's total or partial disability (whether or not permanent) under a workmen's compensation law or plan ... of a State," then the Social Security disability benefit is reduced pursuant to an elaborate statutory formula. 42 U.S.C. § 424a(a). Subsection (b) of section 424a further provides that if the periodic benefit for a total or partial disability is payable on other than a monthly basis (excluding a benefit payable as a lump sum except to the extent that it is a commutation of, or a substitute for, periodic payments), the Secretary shall reduce the disability award in a manner closely approximating that set forth in subsection (a). 42 U.S.C. § 424a(b).

Federal law and regulations provide little guidance to aid the Court in determining whether an award for permanent loss is subject to offset under section 424a as a "benefit on account of total or partial disability." The statute itself does not define the terms, nor do federal regulations shed light on the issue.[1]

1. The Court agrees with the Government's assertion that "permanent loss benefits" are not included in 20 C.F.R. § 404.408(d)'s exclusions from offset of "medical, legal or related expenses," but considers this to be irrelevant to

the inquiry. *Cf. MacQuarrie v. Secretary*, 639 F.Supp. 1357, 1362–63 (D.Mass.1986). The issue here is the meaning of the term "disability" as used in the offset provision. The regulations provide no guidance on this issue and, instead,

In construing section 424a, the ALJ noted that the term "disability" is not defined in the statute, but stated that there is no reason to conclude that the offset provision is limited to those cases in which an award is meant to compensate an individual for lost wages. The ALJ concluded that an award for permanent loss is an award made for a disability and is thus subject to the offset provision. Tr. at 14–15.

The Court does not agree. The ALJ appears to ascribe to the term "disability" its broader and more usual meaning, akin to the term "injury". Rather, the Court finds that "disability" must be construed in light of its expressed context: the workers' compensation laws. "Where Congress uses terms that have accumulated settled meaning under either equity or common law, a court must infer, unless the statute otherwise dictates, that Congress means to incorporate the established meaning of these terms." *NLRB v. Amax Coal Co.,* 453 U.S. 322, 329, 101 S.Ct. 2789, 2794, 69 L.Ed.2d 672 (1981). Thus, "the sense of a word that is commonly used as a term of art in a particular discipline is the relevant sense ... where the statute being construed deals with that discipline." *United States v. Cuomo,* 525 F.2d 1285, 1291 (5th Cir.1976) (and cases cited therein).

In drafting section 424a, Congress mandated offset of benefits received, not just for disability, but for "partial or total disability (whether or not permanent)." This qualifying language has specific meaning under the worker's compensation laws. "Disability" as used in such laws refers to the loss or impairment of earning power. 82 Am.Jur.2d *Workmen's Compensation* § 339 (1976). "Partial disability" usually is defined as the "incapacity in part from returning to work performed before an accident", and "total disability" is defined as an "[incapacity] to perform any substantial part of ordinary [job] duties." *Black's Law Dictionary* 415 (5th ed. 1979). Thus, the loss of earning capacity is central to the meaning of these terms.

Under New Hampshire Worker's Compensation laws, an injured worker may be compensated for the loss of his earning capacity due to injury under RSA 281:23 for total disability, and under RSA 281:25 for partial disability. However, in addition to these awards, a worker who loses the use of a part of the body may also recover a set amount under RSA 281:26. The 281:26 benefit is not dependent on loss of earning capacity; a claimant may receive section 26 benefits even if he is able to work. *Ranger v. New Hampshire Youth Dev. Center,* 117 N.H. 648, 650–51, 377 A.2d 132, 134 (1977); *see also Corson v. Brown Products, Inc.,* 120 N.H. 665, 668, 421 A.2d 1005, 1008 (1980). The New Hampshire Supreme Court has recognized that section 26 benefits are not "disability" benefits, but are "scheduled" benefits, which are awarded *"in addition to and wholly independent of other benefits."* *Ranger, supra,* 117 N.H. at 650–51, 377 A.2d at 134 (emphasis added).

The two cases upon which the ALJ relied as standing for the proposition that permanent loss benefits must be offset are distinguishable because, in both cases, the permanent loss payments compensated not only for the claimant's loss, but also for the ensuing disability. *See Grant v. Weinberger,* 482 F.2d 1290 (6th Cir.1973); *Carnevali v. Heckler,* 616 F.Supp. 1500 (D.Pa. 1985). In *Carnevali,* the court noted that under Pennsylvania Workers' Compensation laws, an award for permanent bodily loss made a claimant ineligible for partial or total disability benefits. *Carnevali, supra,* 616 F.Supp. at 1504. The court relied on the Pennsylvania Commonwealth Court's pronouncement that "[w]hen a claimant ... receives benefits under § 306(c) [the permanent loss provision], that award compensates him not only for that loss, but also for all disability resulting from that loss." *Id.* (citing *Campbell v. Workmen's Compensation Appeal Bd.,* 80 Pa.Commw. 148, 472 A.2d 272, 275 (1984)). Thus, the district court held that the plaintiff had received disability benefits

---

adopt the statutory language at issue here without explanation of the meaning of the terms.

*See* 20 C.F.R. § 404.408(a)(2)(i) (1987).

which were subject to the section 424a offset provision.

In *Grant*, the court cited a United States Supreme Court case as authority for its holding that the plaintiff's permanent loss benefits (called "specific loss benefits") were subject to section 424a offset because they were awarded under a workers' compensation plan. *Grant, supra*, 482 F.2d at 1292 (citing *Richardson v. Belcher*, 404 U.S. 78, 84, 92 S.Ct. 254, 258, 30 L.Ed.2d 231 (1971)). Actually, the *Richardson* case does not address that proposition, but instead addresses the issue of the constitutionality of the offset provision. The Supreme Court held that Congress's decision to offset workers' compensation benefits, but not private insurance awards, was rationally based and thus was not violative of due process. *Richardson, supra*, 404 U.S. at 83, 92 S.Ct. at 258.

Because the *Grant* court considered the fact that the award was made under a workers' compensation plan to be dispositive, it never considered the rest of the statutory language, which additionally requires the receipt of "periodic benefits on account of ... disability" in order for offset to take effect. 42 U.S.C. § 424a(a)(2). However, a review of the relevant Michigan law reveals that the workers' compensation award for permanent loss compensates both for the loss and for any ensuing disability. The Michigan "specific loss" provision sets forth an alternative means of calculating disability benefits, and, as in *Carnevali*, a claimant may not recover "double benefits" under the "specific loss" and "partial incapacity" (i.e., disability) provisions. *Franks v. White Pine Copper Div.*, 122 Mich.App. 177, 332 N.W.2d 447 (1982), *rev'd in part on other grounds*, 422 Mich. 636, 375 N.W.2d 715 (1985); Michigan Statutes Annotated § 17.237(361)(1), (2) and (3) [M.C.L.A. § 418.361(1), (2) and (3)].

In contrast to Michigan and Pennsylvania law, New Hampshire's RSA 281:26 does not award benefits for a disability or provide an alternative means of calculating disability benefits. Instead, RSA 281:26 awards benefits for permanent loss inde- pendent of disability benefits. *Ranger, supra*, 117 N.H. at 650–51, 377 A.2d at 134. Therefore, construing the terms of section 424a in their expressed context of workers' compensation, the Court finds that Mrs. Lemire's $30,000 benefit for permanent loss is not a "benefit on account of total or partial disability" and is not subject to the offset provision of 42 U.S.C. § 424a.

The Court sees no conflict between its holding and the legislative history of the section 424a offset provision. Congress enacted section 424a to address the problem of overlap between state worker's compensation and the Social Security disability programs. It was urged that overlap between the two programs reduced the incentive to work and impeded the states' rehabilitative efforts. *Richardson, supra*, 404 U.S. at 82, 92 S.Ct. at 257 (citing *Hearings on H.R. 6675 Before the Senate Comm. on Finance*, 89th Cong., 1st Sess., pt. 2, at 904). Congress felt that the need for compensation for work-related injury should be met primarily by the states and that duplicative federal programs might erode the state programs. *Id.*

There is no problem of overlap in this case. Mrs. Lemire's $40,000 workers' compensation disability benefit was offset against her Social Security disability benefits. In addition, the fact that the $30,000 award for permanent loss is not offset does not threaten to erode the state's workers' compensation program. In fact, the New Hampshire Legislature made an affirmative decision to restructure the program to provide additional benefits for those who suffer a catastrophic loss. In 1973 the Legislature repealed an election provision which allowed a claimant to choose section 26 permanent loss benefits as an alternative form of disability benefits and amended the law to allow a claimant to receive both disability and permanent loss benefits. *Ranger, supra*, 117 N.H. at 650–51, 377 A.2d 133–34. An offset of the permanent loss award would erode congressional intent to give the individual states primary responsibility for establishing programs to compensate for work-related injury.

In sum, the Court finds that Mrs. Lemire's $30,000 payment for permanent loss is not a "periodic benefit on account of ... disability" subject to offset under 42 U.S.C. § 424a. Therefore, plaintiff's motion to reverse the Secretary (document no. 7) is granted, and defendant's motion to affirm the Secretary (document no. 8) is denied. The case is accordingly remanded for further proceedings consistent with this Opinion.

SO ORDERED.