912 F.2d 463
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Franklin LACKEY, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 90-1720.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 25, 1990.
Decided Aug. 28, 1990.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Robert E. Maxwell, Chief District Judge. (CA-88-126-E)
 Jack Alsop, Webster Springs, W.Va., for appellant.
 Beverly Dennis, III, Chief Counsel, Region III, Charlotte Hardnett, Chief, Social Security Litigation Division, Lawrence J. Harder, Assistant Regional Counsel, Office of the General Counsel, Department of Health and Human Services, Philadelphia, Pa., William A. Kolibash, United States Attorney, Betsy C. Steinfeld, Assistant United States Attorney, Wheeling, W.Va., for appellee.
 N.D.W.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, and PHILLIPS and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Franklin Lackey appeals from the decision of the district court affirming the decision of the Secretary of Health and Human Services to reduce the level of Lackey's social security disability insurance benefits to account for a lump sum workers' compensation payment previously paid to him by the Commonwealth of Pennsylvania on account of his disability. Specifically, Lackey contends that the Secretary improperly reduced his benefits because the lump sum payment was excludable from the reduction computation pursuant to 42 U.S.C. Sec. 424a(b). Because this argument is without merit, the decision of district court is hereby affirmed.
 
 I.
 
 2
 On April 21, 1980, Lackey injured his right arm at work. At that time, Lackey was employed by Tunnelton Mining Company in Pennsylvania. From May 29, 1980, through July 14, 1980, and from July 12, 1982, through February 4, 1985, Lackey received temporary total disability benefits of $242 per week under Pennsylvania's Workmen's Compensation Act, 77 Pa.Stat.Ann. Sec. 511-513 (Purdon 1989). On February 4, 1985, Tunnelton Mining conceded that Lackey had lost all use of his right hand, and thus became liable for an additional 289 2/7 weeks of workers' compensation benefits at the rate of $242 per week. Shortly thereafter, Lackey petitioned Pennsylvania's Bureau of Workers' Compensation for a commutation of those benefits to a lump sum payment of $70,007.08. Lackey's petition was granted by a workers' compensation referee on March 25, 1985.
 
 
 3
 Approximately seven months later, on October 23, 1985, Lackey applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. Secs. 301 et seq. His application for benefits was granted on October 17, 1986, by an administrative law judge, who found that Lackey had been under a disability since May 13, 1984. On November 14, 1986, the Secretary notified Lackey that he had been awarded disability benefits, and that his benefits would be reduced in accordance with 42 U.S.C. Sec. 424a due to the lump sum payment which he had received from workers' compensation. Lackey subsequently challenged the Secretary's decision to reduce his benefits, arguing that his workers' compensation payments were based on the loss of the use of an arm rather than a "total or partial disability" as provided under 42 U.S.C. Sec. 424a(a)(2). The offset, however, was upheld by the Secretary upon reconsideration. Lackey then requested and received a formal hearing conducted by an administrative law judge, who also determined that the reduction was proper. In due course, the Appeals Council denied Lackey's request for additional administrative review, and the Secretary's decision became final on June 20, 1988. Thereafter, Lackey brought this proceeding in the United States District Court for the Northern District of West Virginia seeking judicial review of the Secretary's decision. This matter was referred to a federal magistrate pursuant to 28 U.S.C. Sec. 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), and the magistrate recommended that the Secretary's decision be affirmed. That recommendation was adopted by order of the district court following an independent review of the record, and this appeal followed.
 
 
 4
 On appeal, Lackey renews his argument, rejected by both the Secretary and the court below, that his lump sum payment from workers' compensation cannot serve as the basis for a reduction of his social security disability benefits because the Pennsylvania award was for a loss of the use of an arm rather than for a total or partial disability. We disagree.
 
 II.
 
 5
 Under the Social Security Act, the Secretary must reduce a claimant's disability insurance benefits by any amount which the claimant is entitled to receive under a state workers' compensation plan on account of the claimant's total or partial disability. 42 U.S.C. Sec. 424a(a)(2)(A). However, no reduction is made for any "benefit payable as a lump sum" unless the lump sum payment constitutes "a commutation of, or a substitute for, periodic payments." 42 U.S.C. Sec. 424a(b). In this case, it is clear that Lackey's lump sum payment represented a commutation of 289 2/7 weeks of workers' compensation benefits for a total disability resulting from a permanent injury, and not for the loss of the use of an arm.
 
 
 6
 Under Pennsylvania's workers' compensation statute, the permanent loss of the use of an arm is considered the equivalent of the loss of the arm through amputation. 77 Pa.Stat.Ann. Sec. 513(24) (Purdon 1989). In turn, the loss of an arm is deemed a compensable disability resulting from a permanent injury. Id. Sec. 513(3). In Killian v. Heintz Div. Kelsey Hayes, 468 Pa. 200, 205, 360 A.2d 620, 623 (1976), cited in Carnevali v. Heckler, 616 F.Supp. 1500, 1503 (W.D.Pa.1985), the Pennsylvania Supreme Court discussed the state's workers' compensation law, and concluded that the benefits awarded under section 513 were intended to compensate claimants for "all disability emanating from or connected with the loss of a member or a permanent injury to that member." In its decision, the Killian court explained that there were three classifications for compensation under the state's workers' compensation statute, all of which related to some form of disability--total disability, partial disability, and all disability resulting from permanent injuries. Id. In short, the primary emphasis of the statute is on the disability of the worker rather than the nature of the injury causing the disability. In other words, the statute expressly compensates for disabilities, and the particular injuries specified in section 513 merely define the disabilities which are compensable.
 
 
 7
 Accordingly, we conclude that the lump sum payment which Lackey received pursuant to section 513 of Pennsylvania's workmen's compensation statute recompensed him for a total disability arising from a permanent injury, and that the Secretary correctly viewed it as the basis for a reduction of his social security disability benefits under 42 U.S.C. Sec. 424a.
 
 
 8
 AFFIRMED.