**Gerald HODGE, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**Civ. No. 91–445–BE.**

United States District Court, D. Oregon.

April 17, 1992.

James S. Coon, Sherwood & Coon, P.C., Portland, Or., for plaintiff.

Charles H. Turner, U.S. Atty., Dist. of Oregon, Craig J. Casey, Asst. U.S. Atty., Portland, Or., Richard H. Wetmore, Sp. Asst. U.S. Atty., Seattle, Wash., for defendant.

## OPINION

BELLONI, District Judge.

Claimant, Gerald Hodge, brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Secretary of Health and Human Services (the Secretary). Hodge contests the Secretary's decision to reduce his social security benefits because of his receipt of certain Oregon workers' compensation benefits. For the reasons set forth below, the Secretary's decision is reversed.

### FACTS AND PROCEDURAL BACKGROUND

Hodge suffered an injury to his right wrist on October 23, 1986. Hodge applied for Oregon workers' compensation benefits. On June 29, 1987, the State Workers' Compensation Department issued a determination order which awarded temporary disability benefits from the time of Hodge's injury through May 10, 1987, and permanent partial disability benefits for 10 percent loss of the use of his right forearm. Tr. 180. The permanent partial disability award was $1,875.00.

Hodge contested the amount of the permanent disability award, and reached a stipulated settlement in January, 1988. Tr. 178. This agreement raised the percentage of permanent partial disability from 10 percent to 40 percent, and gave Hodge an additional lump sum award of $5,625.00. Of this amount, $1,566.25 was designated for attorney fees and costs, and $4,068.75 was paid to Hodge in a lump sum.

Hodge filed an application for Disability Insurance Benefits (DIB) with the Social Security Administration (SSA) in August, 1987, alleging disability based on his injury in October, 1986. Hodge's application was denied initially and on reconsideration, but after hearing Hodge was awarded a closed period of disability from October, 1986, through February, 1988. Hodge has no quarrel with this decision, which was dated October 25, 1988, and it is not the subject of this appeal.

After calculating the benefits due to Hodge under the decision of October 25, 1988, the Secretary sent an award letter to Hodge. In the award letter, the Secretary explained that Hodge's social security benefits were being reduced because he had received workers' compensation payments. The amount offset was $4,068.75, the amount of the lump sum that Hodge received from workers' compensation pursuant to the stipulated settlement of January, 1988. The offset was prorated at a rate consistent with the weekly temporary disability benefits that Hodge had received from workers' compensation.

Hodge contested the offset of workers' compensation benefits, but the decision was upheld on reconsideration. Hodge requested review by an ALJ, but agreed that

the ALJ could consider the matter without a hearing, as the facts were not in dispute. The ALJ issued a decision on September 28, 1990, finding that the offset calculations were correct. This became the final decision of the Secretary when the Appeals Council declined to review the decision of the ALJ.

## DISCUSSION

Hodge contends that the ALJ erred in finding that the SSA correctly determined that an offset should be made for workers' compensation benefits. Hodge argues first that no offset should have been made because the lump sum payment he received in January, 1988, was not a periodic payment or a substitute for periodic payments. Second, Hodge argues that even if some offset was appropriate, the SSA erred in its calculations of the prorated amount to be deducted from his social security payments. Hodge contends that any proration should have been based on his life expectancy rather than the amount of his weekly payments from workers' compensation.

■ This court must affirm the Secretary's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir.1989). Issues of law are to be given *de novo* review. *Nyman v. Heckler*, 779 F.2d 528, 530 (9th Cir.1986).

■ In 1965, Congress amended the Act to provide that social security benefits would be reduced for claimants who received certain "periodic benefits" for disability under state law. 42 U.S.C. § 424a(2). In order to determine whether state benefits received by a claimant should be offset under § 424a(2), the SSA must analyze the nature and purpose of the state benefit payments to determine whether they are "periodic benefits" or whether they serve some other purpose. Social Security Ruling (SSR) 82–5.

For instance, a state award would be considered a periodic benefit even if it was paid as a lump sum, if it was a substitute for periodic payments. *See, e.g., Rodlin v.*

*Secretary*, 750 F.Supp. 146, 147 (D.N.J. 1990) (lump sum payment was made "in lieu of periodic payments"). However, if a lump sum payment is not related to periodic benefits, it should not be offset from social security benefits. In *Lemire v. Secretary*, 682 F.Supp. 102 (D.N.H.1988), the claimant received a scheduled award of workers' compensation which represented compensation for the permanent loss of use of her legs. It was inappropriate to offset this award from Lemire's social security benefits, because the state award had nothing to do with her loss of earning capacity and would be received whether or not Lemire could work. *Id.* at 104.

In this case, the ALJ seems to have assumed that all of the workers' compensation benefits received by Hodge were based on periodic payments. However, the record shows that Hodge received both weekly periodic payments for temporary disability and a lump sum payment for permanent partial disability. The weekly payments for temporary disability were based upon Hodge's loss of income. The lump sum payment was based on an assessment that Hodge had sustained a permanent 40 percent loss of function in his right forearm/wrist.

The State of Oregon has created a schedule of lump sum awards to be given to claimants who suffer permanent loss of function in specific parts of the body. *See* O.R.S. § 656.214(2)(b); O.A.R. 436–30–190–200. The severity of the disability is expressed in terms of the proportion of function lost in the body part, either as "degrees" or percentage loss of function. Such awards do not depend on loss of earning capacity. *Foster v. State Accident Insurance Fund*, 259 Or. 86, 485 P.2d 407, 409 (1971). In contrast, under Oregon law, unscheduled benefits for permanent disability depend on "the permanent loss of earning capacity due to the compensable injury." O.R.S. § 656.214(5).

The situation is complicated by the fact that for purposes of convenience, periodic workers' compensation benefits are sometimes paid in a single lump sum award, and lump sum awards for scheduled disabilities

are sometimes paid out in installments. Therefore, as noted in SSR 82–5, it is important to look beyond the form of an award and determine its underlying nature and purpose.

I find that although Hodge received both periodic payments and a scheduled award, the lump sum award of January, 1988, was based on a scheduled award and was not related to periodic payments. Therefore, the lump sum award does not constitute a periodic benefit under 42 U.S.C. § 424a(2), and no offset should have been made from Hodge's award of social security benefits.

Thus, it is unnecessary to reach Hodge's second argument regarding the calculation of the amount to be prorated. The Secretary is directed to issue an amended award with no offset for workers' compensation payments.

## CONCLUSION

The decision of the Secretary is reversed for further proceedings in accordance with this decision.