**Alex ROMANSKY, Plaintiff,**

v.

**Donna SHALALA, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 94–1153.**

United States District Court,
W.D. Pennsylvania.

May 15, 1995.

Daniel K. Bricmont, Caroselli, Spagnolli & Beachler, Pittsburgh, PA, for plaintiff.

Ryan R. Kennedy, U.S. Attorney's Office, Pittsburgh, PA, for defendant.

*MEMORANDUM*

LANCASTER, District Judge.

Plaintiff, Alex Romansky, appeals the Secretary of Health & Human Services's decision to reduce his social security disability benefits by the full amount plaintiff received from a commuted lump sum settlement of a workers' compensation award. The Secretary reduced plaintiff's social security disability benefits pursuant to the "offset" provision of the Social Security Act. 42 U.S.C. § 424a.

Plaintiff challenges that portion of the offset that reduced his benefits by the amount he received for a permanent facial disfigurement under section 306(c) of the Pennsylvania Workers' Compensation Act. 77 Pa. Cons.Stat. § 1 *et seq.* Plaintiff contends that a facial disfigurement does not cause a loss of earning power, and therefore, a workers' compensation award for a facial disfigurement is not a disability award under Pennsylvania law. Based on his claim that the award for his facial disfigurement is not a disability award, plaintiff further argues that it does not fall within the offset provision of the Social Security Act. Plaintiff now seeks reimbursement for that amount of the offset attributable to his facial disfigurement award.

■ Before the court are the parties' cross motions for summary judgment. For the reasons that follow, the court holds that a workers' compensation award for a permanent facial disfigurement under section 306(c) of the Pennsylvania Workers' Compensation Act is a disability benefit, and thus is properly offset against a social security disability award. Accordingly, we enter judgment in favor of the Secretary and against plaintiff.

## I. *BACKGROUND*

The material facts in this case are neither complicated nor disputed. In February of 1985, plaintiff was injured in a work-related accident, leaving him with a partial disability that is manifested by severe headaches, numbness in his right leg, pain in his right shoulder, and numbness on the right side of his head. He also suffered a permanent facial disfigurement. As a result of his injuries, plaintiff began receiving benefits under the Pennsylvania Workers' Compensation Act. Additionally, in January of 1989, plaintiff began receiving disability insurance benefits under Title II of the Social Security Act.

In September of 1991, the Pennsylvania Workers' Compensation Appeal Board approved a settlement that commuted plaintiff's workers' compensation benefits. As a result, plaintiff received $91,314.80 for his partial disability (representing payments of $265.45 per week for 344 weeks) and $16,184.50 for his facial disfigurement (representing payments of $323.69 per week for fifty weeks). After counsels' fees were deducted, plaintiff received a lump sum settlement of $100,000.00.

Thereafter, the Secretary offset the entire lump sum of $100,000.00 against plaintiff's social security disability benefits. Plaintiff requested and received a hearing before an administrative law judge ("ALJ") to challenge the offset. Plaintiff did not dispute the Secretary's decision to reduce his social security disability benefits for that portion of his workers' compensation award that was attributable to his partial disability; rather, plaintiff disputed the decision to offset that portion of the award that was attributable to his facial disfigurement.

The ALJ upheld the Secretary's decision to offset plaintiff's social security disability benefits by the entire lump sum. The Appeals Council affirmed; accordingly, the ALJ's decision became the final decision of the Secretary.

Plaintiff contends that the ALJ erred as a matter of law because the offset provision only allows the Secretary to offset state workers' compensation benefits that are awarded to compensate an individual on account of a "disability." According to plaintiff, under Pennsylvania case law a work-related injury is disabling only if it causes a loss of earning power. Plaintiff argues that a facial disfigurement does not cause a loss of earning power; therefore, his workers' compensation award for his facial disfigurement is not a disability award under Pennsylvania law. Based on this argument, plaintiff contends that the award does not fall within the offset provision of the Social Security Act.

## II. STANDARD OF REVIEW

█ When reviewing whether the Secretary of Health and Human Services applied the proper law to calculate the social security disability benefit offset, the court must "decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of [the Secretary's] action." 5 U.S.C. § 706. The court's review of whether the Secretary applied the proper law is plenary. *Wilkerson v. Bowen,* 828 F.2d 117, 119 (3d Cir.1987); 5 U.S.C. § 706.

## III. DISCUSSION

The issue presented is whether the Secretary erred in determining that the portion of the lump sum awarded for plaintiff's permanent facial disfigurement is a "periodic benefit[ ] on account of [an individual's] total or partial disability" under the Pennsylvania Workers' Compensation Act and, therefore, falls within the offset provision of the Social Security Act. 42 U.S.C. § 424a. The court holds that the Secretary did not err.

Congress enacted the offset provision to prevent a claimant from receiving disability benefits in excess of 80% of his pre-disability earnings. *See Carnevali v. Heckler,* 616 F.Supp. 1500, 1503 (W.D.Pa.1985). Toward this end, the offset provision requires the Secretary to reduce a claimant's social security disability benefits for any month during which the claimant receives "periodic benefits on account of [such individual's] total or partial disability (whether or not permanent) under ... a workmen's compensation law or plan of the United States or a State...." 42 U.S.C. § 424a(a). The Act makes clear that workers' compensation benefits that have been commuted to a lump sum award remain "periodic benefits" within the meaning of the offset provision. 42 U.S.C. § 424a(b).

The question at issue, therefore, reduces to whether the portion of the lump sum plaintiff received for his facial disfigurement was awarded "on account of a disability." To answer this question we must determine whether an award for a facial disfigurement is an award for a disability under the Pennsylvania Workers' Compensation Act. The court concludes that it is.

The Pennsylvania Workers' Compensation Act separates work-related injuries into three statutory classifications depending upon the type of injury: total disabilities are governed by section 306(a); partial disabilities are governed by section 306(b); and disabilities resulting from permanent injuries, including permanent disfigurement and the loss of a body part, are governed by section 306(c).

The amount of workers' compensation benefits a claimant can receive under section 306(a) and (b) is intended to reflect the claimant's actual loss of earning power and will vary depending upon the extent of the claimant's disability. The amount of benefits a claimant can receive under section 306(c), however, is fixed statutorily, and the extent of the claimant's disability is immaterial to the amount of the award.

In making the argument that a workers' compensation award for a facial disfigurement is not a disability award, plaintiff focuses upon Pennsylvania case law recognizing that an award is granted under 306(c) according to the nature of the injury, regardless of the extent of the disability and resulting loss of earning power. Plaintiff argues that these cases stand for the proposition that 306(c) does not, therefore, compensate a claimant for a loss of earning power and thus, does not grant an award on account of a disability.

Plaintiff's argument is flawed. While it is true that section 306(c) does not take into account the extent of an individual's loss of earning power in calculating the amount of the workers' compensation award, it does not follow that a 306(c) award does not compensate the claimant for a loss of earning power. The Act's structure simply reflects the Pennsylvania legislature's intention to create an irrebuttable presumption that the permanent injuries listed in section 306(c), by their very nature, cause the claimant to suffer a disability that results in a fixed loss of earning power, rather than a loss of earning power that varies depending on the extent of the disability.

Our interpretation of section 306(c) is supported by Pennsylvania case law. In *Killian*

*v. Heintz Div. Kelsey Hayes,* 468 Pa. 200, 360 A.2d 620 (1976), the Pennsylvania Supreme Court compared the three classes of injuries discussed in sections 306(a), 306(b), and 306(c) of the Workers' Compensation Act. The court explained that section 306(c) provides the exclusive method for compensating a worker who has suffered the loss or impairment of a body part. Consequently, the court made clear that an employee who receives an award under 306(c) for the loss or impairment of a body part is not entitled to an additional award under 306(a) or (b) for the same body part. This holds true even though the loss or impairment may have rendered him totally or partially disabled within the meaning of 306(a) or (b).

If the Pennsylvania Supreme Court had believed that a 306(c) injury was *not* a disability, it would have held that a claimant could recover under 306(a) or (b), as well as under 306(c), for the same injury. But, *Killian* makes clear, however, that the statutorily prescribed amounts awarded under 306(c) are "intended to include *all disability* emanating from or connected with the loss of a member or a permanent injury to that member." *Id.* at 623 (emphasis added). Therefore, we read *Killian* to confirm that 306(c) injuries are disabilities and that simply because the amount of the award under 306(c) is fixed does not negate its status as a "periodic benefit on account of a disability."

Our interpretation is also supported by the language of the Pennsylvania Workers' Compensation Act. The title of section 306(c) explains that the section addresses "compensation for *disability* from permanent injuries of certain classes." (emphasis added). Additionally, section 306(c)(22), under which plaintiff was awarded compensation for his facial disfigurement, states that an individual shall be compensated "for all *disability* " resulting from permanent injuries for serious and permanent disfigurement of the head, neck, or face. 77 Pa. Cons.Stat. § 513 (emphasis added). The Pennsylvania legislature plainly contemplated that an award under 306(c)(22)

for a facial disfigurement was to compensate the claimant for a "disability."

With respect to the Social Security Act, no legal or logical basis exists to view the term "disability" as used by the Pennsylvania legislature differently than the way it is used by Congress under the offset provision. Moreover, we certainly see no basis for concluding that Congress meant to exempt a 306(c) award from the offset provision.

Nor does plaintiff's position enjoy support in the decisional law of this district. On the contrary, plaintiff's argument, that a workers' compensation award under 306(c) is not a "disability" award and thus, is exempt from the social security offset provision, was expressly rejected in *Carnevali v. Heckler,* 616 F.Supp. 1500 (W.D.Pa.1985). We have considered plaintiff's argument that *Carnevali* should be distinguished because *Carnevali* involved a loss of a forearm, compensable under 306(c)(2), whereas plaintiff suffered a facial disfigurement, compensable under 306(c)(22). This distinction, however, has no legal significance. The Pennsylvania legislature has not distinguished between losses of body parts and disfigurements in section 306(c). The court finds no reason to do so either. We find plaintiff's argument wholly unpersuasive.

Additionally, the Court of Appeals for the First[1], Fourth[2], Sixth[3] and Ninth[4] Circuits have rejected arguments analogous to those plaintiff presents here. Although the Court of Appeals for the Third Circuit has not addressed the issue, there is no reason to believe that it would reach a different result on similar facts.

In summary, the Pennsylvania Workers' Compensation Act compensates for disabilities, whether they result in a demonstrated loss of earning power under sections 306(a) and (b) or in a conclusively presumed loss of earning power from permanent injuries, such as the loss of a body part or permanent disfigurement, under section 306(c). All are periodic benefits awarded on account of a

1. *Davidson v. Sullivan,* 942 F.2d 90 (1st Cir. 1991).

2. *Lackey v. Sullivan,* 912 F.2d 463 (4th Cir.1990).

3. *Grant v. Weinberger,* 482 F.2d 1290 (6th Cir. 1973).

4. *Hodge v. Shalala,* 27 F.3d 430 (9th Cir.1994).

disability and are, therefore, subject to the Social Security Act's offset provision.

Finally, plaintiff also challenges the Secretary's decision not to waive the Secretary's recovery of an overpayment of social security disability benefits due to a technical miscalculation. The ALJ decided not to waive plaintiff's repayment because it would not "defeat the purpose of Title II" nor be "against equity and good conscience." A detailed discussion of this issue is unnecessary. After careful consideration, the court finds that this part of the ALJ's decision is supported by substantial evidence and thus is affirmed.

## IV. CONCLUSION

For the foregoing reasons, plaintiff's motion for summary judgment is denied, and the Secretary's motion for summary judgment is granted. The appropriate order follows.