_____

No. 96-1959
_____

Ronald Herrley          *
                        *
        Appellant,      *
                        *  Appeal from the United States
    v.                  *  District Court for the
                        *  District of Minnesota
Shirley S. Chater,      *
Commissioner of         *          [UNPUBLISHED]
Social Security Administration,  *
                        *
        Appellee.       *

_____

Submitted: November 22, 1996

Filed: March 4, 1997
_____

Before BEAM and LOKEN, Circuit Judges, and MOODY, District Judge.[1]
_____

MOODY, United States District Judge.


    Ronald Herrley appeals the district court's[2] judgment
affirming the decision of the Social Security Administration (SSA)
to reduce, pursuant to 42 U.S.C. § 424a(b), Herrley's social
security disability benefits in order to offset an award of
permanent partial disability made to him pursuant to Minnesota's
workers' compensation law.

    As a result of an accident in 1985, Ronald Herrley received
weekly periodic workers' compensation benefits from the state of
Minnesota, and social security disability benefits from the SSA.

_____

    [1]The Honorable James M. Moody, United States District Judge for
the Eastern District of Arkansas, sitting by designation.

    [2]The Honorable Michael J. Davis, United States District Judge
for the District of Minnesota.

In addition, Herrley received a lump sum payment of $274,876.00 for permanent partial disability pursuant to Minnesota workers' compensation law. See Minn. Stat. § 176.101, subd.3b (1993), (amended 1995).

The Social Security Act places a ceiling on an individual's combined social security benefits and state workers' compensation benefits if the workers' compensation benefits are periodic. See 42 U.S.C. § 424a (1996). Minnesota has a similar law, and will reduce, after an individual has received $25,000.00 in weekly workers' compensation benefits, such workers' compensation benefits to offset any social security benefits. See Minn. Stat. § 176.101, subd.4 (1993 & Supp.1997) (reverse offset).

In order to prevent an individual from being subjected to offsets from both the state and federal agencies, the Social Security Act provides that an individual's workers' compensation benefits are saved from offset by the SSA if the state is executing a "reverse offset." See 42 U.S.C. § 424a(d) (exception to offset if state law or plan calls for reduction of state workers' compensation benefits when individual is entitled to social security disability benefits). In Herrley's case, the SSA determined that the lump sum payment of $274,816.00 is subject to the offset as it represents a commutation of periodic payments. The SSA also determined that while a lump sum payment for permanent total disability is subject to a "reverse offset", a lump sum payment for permanent partial disability is not subject to a "reverse offset" under Minnesota law which in Herrley's case negates the saving provision of 42 U.S.C. § 424a(d).

Herrley appeals this determination arguing that the lump sum payment is not a periodic payment because it was a scheduled

payment for a permanent impairment, and that the saving provisions of § 424a(d) is applicable as this lump sum payment is subjected to a "reverse offset" by the state of Minnesota.

It is true that 42 U.S.C. § 424a(a) provides that when a worker receives a lump sum workers' compensation award, there will be no offset by Social Security. Herrley's claim is that his award was a lump sum intended to compensate him for a functional loss of his body and not for any lost periodic economic opportunities.

Federal law is controlling on whether there is a distinction between functional loss and economic opportunity loss. *See Munsinger v. Schweiker*, 709 F.2d 1212, 1217 (8th Cir. 1983). Herrley's argument that there is such a distinction must fail. The applicable statute makes no such distinction between loss of function benefits and loss of income benefits. *See* 42 U.S.C. § 424(a); *Hodge v. Shalala*, 27 F.3d 430 (9th Cir. 1994); *Davidson v. Sullivan*, 942 F.2d 90, 92-96 (1st Cir. 1991); *Grant v. Weinberger*, 482 F.2d 1290, 1292 (6th Cir. 1973).

Plaintiff also argues that the $274,816.00 is a lump sum payment because it is not a commutation of a weekly benefit. The Minnesota statute provides that impairment compensation may be paid on a periodic basis. *See* Minn. Stat. § 176.021, subd.3. The Minnesota legislature defines "non-periodic" workers' compensation benefits as medical and burial costs. *Id.* The permanent partial disability payments at issue in this case fall outside the definition of non-periodic payments and are subject to the offset mandated by 42 U.S.C. § 424(a). These payments are a commutation of the weekly permanent partial disability to which Herrley was entitled. See Minn. Stat. § 176.101.

3

Finally, regardless of whether Minnesota has offset Herrley's permanent partial disability as if it were permanent total disability pursuant to the "reverse offset" provisions of Minnesota statute § 176.101, subd.4, the SSA actions are governed by 42 U.S.C. § 424(a), which requires an offset.

We have carefully considered Herrley's arguments and have thoroughly reviewed the parties' briefs and submissions. Upon such examination, we are convinced the district court's ruling was correct. Herrley's permanent partial disability benefits are encompassed in the benefits which are subject to offset under 42 U.S.C. § 424(a). Accordingly, we affirm.

A true copy.

    Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT